The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith* (1997), 123 Ohio App.3d 48.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16415.

Decided Dec. 5, 1997.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Karen L. Sollars,* Assistant Prosecuting Attorney, Appellate Division, for appellee.

*Michael L. Smith, pro se.*

WILSON, Judge.

The defendant-appellant, Michael L. Smith, pleaded not guilty by reason of insanity to charges of attempted murder, aggravated burglary, tampering with evidence, and carrying a concealed weapon.

A jury found the defendant guilty of all four charges, and he was sentenced to consecutive terms of incarceration.

We affirmed his conviction on April 26, 1995 in case No. 14442. The only issue in the appeal was whether the jury's rejection of the defendant's insanity defense was contrary to the manifest weight of the evidence.

The record reflects the fact that on October 1, 1996 the defendant's *pro se* petition for postconviction relief was filed in the court that imposed sentence. The state moved to dismiss the petition because it was not timely filed.

R.C. 2953.21 was amended effective September 21, 1995 to require that post-conviction petitions be filed within one hundred eighty days after the expiration of the time for filing an appeal, if no appeal is taken, or within one hundred eighty days of the filing of the transcript, if an appeal is taken.

The same Senate Bill that amended R.C. 2953.21 also provided that a person who seeks postconviction relief in a case in which the sentence was imposed prior to September 21, 1995, may file in compliance with the new time requirements "or within one year from the effective date of this act, whichever is later." Am.Sub.S.B. No. 4, Section 3, 146 Ohio Laws, Part IV, 7825.

The trial court found that the petition was not filed within one year of September 21, 1995, the effective date of the act. The defendant has appealed from the order sustaining the state's motion to dismiss the complaint. There is one assignment of error:

"The trial court committed error prejudicial to the defendant-appellant by dismissing the petition for post-conviction relief as untimely filed when in fact said petition was timely filed."

The parties agree that the defendant's petition had to be filed within one year of September 21, 1995. R.C. 2953.21(A)(1) requires the petition to be filed "in the court that imposed sentence."

The defendant submitted evidence that he mailed his petition in the internal mail system at the Allen Correctional Institution on Friday, September 20, 1996.

The defendant contends that his petition was timely filed on September 20, 1996, when he turned it over to prison authorities for mailing. He has cited a case that supports his position. *Houston v. Lack* (1988), 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245.

The Supreme Court of Ohio discussed the *Houston* case in *State ex rel. Tyler v. Alexander* (1990), 52 Ohio St.3d 84, 555 N.E.2d 966. "In *Houston,* the United States Supreme Court rested its holding on its interpretation of a federal statute and the Federal Rules of Appellate Procedure, and not on any constitutional provision. As such, it is not binding on us. Nor do we find *Houston* persuasive."

*State ex rel. Tyler v. Alexander* construed a rule which required that a notice of appeal "must be filed in the court from which the case is appealed within thirty days" from the judgment. The court held that a prisoner's *pro se* notice of appeal was filed when recorded by the court, rather than when it was turned over to prison authorities for mailing.

We agree with the trial court that the defendant's petition was not timely filed in the court that imposed sentence. The defendant's assignment of error is overruled.

The defendant has also complained in his brief about matters not covered in his assignment of error. The defendant asserts that the trial court should have ruled on his motion for a continuance that was pending when his petition was dismissed. In our view, the motion for a continuance was either overruled by implication or was presumptively overruled.

The defendant has also complained that no findings were made. We disagree; the finding that the petition was not timely filed was probably the most relevant finding that could be made under the circumstances.

We find no prejudicial error on the part of the trial court. We affirm.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.

RICHARD K. WILSON, J., retired, of the Second Appellate District, sitting by assignment.