Andre K. Springs appeals the decision of the Mahoning County Common Pleas Court which denied his motion for post-conviction relief. For the following reasons, the trial court's judgment is affirmed.
On September 2, 1994, appellant was indicted for the aggravated murder of Marvin Thomas with an accompanying gun specification. His case proceeded to trial in January 1996; however, juror misconduct was discovered before the closing arguments were presented. Thus, on January 30, 1996, the trial court granted appellant's motion for a mistrial. The trial date was then reset for February 20, 1996.
On February 12, 1996, the trial judge wrote a letter to appellant's attorney, Thomas Zena, informing him that it was unlikely that a voluntary manslaughter instruction would be warranted because the shooting was not closely linked in time with the alleged provocation. On February 16, Mr. Zena hand-delivered a letter to appellant advising him that a voluntary manslaughter instruction would be "shaky." Mr. Zena stated that the best method of ensuring the desired instruction would be for appellant to testify, which appellant did not want to do. Therefore, Mr. Zena advised appellant to take the state's offer and tender a plea.
On February 20, 1996, appellant pled guilty to voluntary manslaughter with a gun specification. The court went through the Crim.R. 11 colloquy with appellant and found that he was making his plea knowingly, voluntarily, and intelligently. After entering his plea, appellant apologized to the victim's father declaring that he was wrong, that he wants to be truthful, and that he accepts the responsibility and punishment for the crime which he committed. The court sentenced appellant to three years of actual incarceration on the gun specification to run consecutively with a five to twenty-five year sentence for voluntary manslaughter. Appellant did not appeal the court's February 20, 1996 judgment entry.
On September 25, 1996, appellant filed a petition for post-conviction relief and requested an evidentiary hearing. He claimed that he was coerced into pleading guilty by the trial court's letter to his attorney and by his attorney's letter to him. He also alleged ineffective assistance of counsel. On March 10, 1997, the trial court refused to grant an evidentiary hearing and dismissed appellant's petition. The within appeal followed. Appellant sets forth six assignments of error in hispro se appellate brief. However, this court need not address these assignments of error because the trial court was barred from entertaining appellant's petition.
Pursuant to R.C. 2953.21(A) (2), if no appeal is taken from a sentence, a defendant must file for post-conviction relief "no later than one hundred eighty days after the expiration of the time for filing the appeal." Appellant was sentenced on February 20, 1996. His appeal time expired on March 21, 1996. Thus, the last day appellant could have filed his petition for post-conviction relief was one hundred eighty days later,i.e. September 17, 1996. Appellant did not file his petition until September 25, 1996.[1] Therefore, his petition is untimely.
According to R.C. 2953.23 (A) (1) (a) (b), a court may not
consider an untimely filed petition for post-conviction relief unless the petitioner shows that he was unavoidably prevented from discovering the facts upon which his petition is based or the United States Supreme Court has recognized a new retroactive right. Moreover, the petitioner must demonstrate by clear and convincing evidence that a reasonable trier of fact would not have convicted him but for constitutional error. R.C. 2953.23
(A) (2). Appellant makes no contention that his untimely petition meets any of these standards. As a result, the trial court was without jurisdiction to entertain the merits of appellant's petition. State v. Parks (Sept. 15, 1998), Jefferson App. No. 96JE47, unreported; State v. Martin (Sept. 11, 1998), Montgomery App. No. 16958, unreported; State v.Hill (Sept. 4, 1998), Hamilton App. No. C-970966, unreported;State v. Copas (Aug. 24, 1998), Adams App. No. 97CA653, unreported. Because the court was precluded from considering the petition, we affirm the dismissal of appellant's motion, even though the trial court relied on other grounds when it denied relief.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE
[1] Although appellant's certificate of mailing claims that he mailed his Petition for Post Conviction Relief on September 8, 1996, it was not time-stamped by the clerk until September 25, 1996. The Supreme Court has held in State ex rel. Tyler v.Alexander (1990), 52 Ohio St.3d 84, that a document is "filed" when it is received by the court, rather than when it is turned over to prison authorities for mailing. See, also, State v.Smith (1997), 123 Ohio App.3d 48, as a case on point.