The STATE of Ohio, Appellee,

v.

TRAISH, Appellant.

[Cite as *State v. Traish* (1999), 133 Ohio App.3d 648.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97CA101.

Decided March 29, 1999.

*Dionne Almasy,* Youngstown Assistant Law Director, for appellee.

*Neal Atway,* for appellant.

Vukovich, Judge.

Defendant-appellant, Ahmed Traish, appeals his conviction of domestic violence that was entered upon his no contest plea in the Youngstown Municipal Court. For the following reasons, this case is remanded to the trial court for proceedings consistent with our opinion.

Appellant is a citizen of Jordan who became a lawful resident of the United States on December 24, 1994. He is married to an American citizen, and the couple have two children who are also American citizens. In February 1997, appellant was charged with two first degree misdemeanor counts of domestic violence against his wife. On March 31, 1997, appellant pled no contest to one count, and the court dismissed the second count. Appellant's wife stated that appellant merely slapped her hand and that she called the police out of fear that her husband would abandon her. The court failed to address appellant at the plea hearing.

On April 25, 1997, appellant was sentenced to one hundred eighty days in jail with one hundred fifty days suspended and was fined $200 plus costs. The court ordered appellant to complete twenty-four months of reporting probation and attend marriage counseling and anger control classes. On April 30, 1997, appellant filed this appeal. On May 1, 1997, appellant's sentence was stayed. On May 23, 1997, appellant filed a petition for postconviction relief, or, in the alternative, a motion to withdraw his plea on the ground that the court violated R.C. 2943.031 when it failed to advise him that if he were not a United States citizen, then a conviction could result in his deportation. Appellant's motion cited relevant sections of the Immigration and Nationality Act, which classify domestic violence offenders as automatically deportable aliens. Accompanying his motion was an affidavit in which appellant swore that he was not and is not a United States citizen and that deportation proceedings have already begun against him.

R.C. 2943.031 provides in pertinent part:

"(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the

defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

" 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'

"Upon request of the defendant, the court hall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.

" * * *

"(B) The court is not required to give the advisement described in division (A) of this section if either of the following applies:

"(1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers that question in the affirmative;

"(2) The defendant states orally on the record that he is a citizen of the United States.

" * * *

"(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section [October 2, 1989], the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

The court overruled appellant's R.C. 2943.031(D) motion to withdraw his plea by writing the following on appellant's motion, "Lack of Juris. Case is under appeal at 7th Dist. Ct. of Appeals." The court dated the passage "5/27/95." However, it must have intended the year 1997, as that is when the motion was filed. The court never had its entry time-stamped, and there is no evidence that appellant received a copy of the entry. Moreover, the court incorrectly stated that it lacked jurisdiction.

According to R.C. 2953.21(C), a trial court shall consider a petition for postconviction relief that is timely filed even if a direct appeal of the judgment is

pending. The amendment to R.C. 2953.21 allowing direct appeals to be pending concurrently with postconviction relief proceedings became effective September 21, 1995. 146 Ohio Laws, Part IV, 7815, 7823, 7824. Thus, the trial court had jurisdiction and was obligated to address appellant's petition.

Because appellant's motion was never addressed on its merits, we must remand this case to the Youngstown Municipal Court for a decision on the motion. We may not address appellant's argument on direct appeal because the proof required to show that appellant was not a citizen is de hors the record. See *State v. Felix* (Apr. 17, 1997), Cuyahoga App. No. 70898, unreported, at 2, 1997 WL 186838, citing *State v. Ishmail* (1976), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. On remand, the municipal court must be aware that, because the language in R.C. 2943.031(D) is mandatory, the court has no discretion and must allow appellant to withdraw his plea if the following statutory requirements are met: (1) the advisement was not given, (2) the advisement was required to be given, (3) appellant is not a citizen of the United States, and (4) appellant may be deported, excluded, or denied naturalization as a result of his conviction of domestic violence. See *State v. Weber* (1997), 125 Ohio App.3d 120, 125, 707 N.E.2d 1178, 1182.

For the foregoing reasons, this cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.

*Judgment reversed*
*and cause remanded.*

Cox, P.J., and WAITE, J., concur.