JOURNAL ENTRY AND OPINION
Relator requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to the petition for postconviction relief filed by relator in State v.Sharif, Cuyahoga County Court of Common Pleas Case No. CR-238403 on August 11, 1999. Respondent judge has denied relator's request for postconviction relief as well as relator's motion for findings of fact and conclusions of law.
Respondent has filed a "brief in opposition" which this court is treating as a motion for summary judgment. Relator has also filed a motion for summary judgment.
Respondent argues that she does not have a duty to issue findings of fact and conclusions of law. Respondent notes that relator was convicted and sentenced in Case No. CR-238403 in 1989.
In State v. Beaver (1998), 131 Ohio App.3d 458, 461-462,722 N.E.2d 1046 [11th Dist.] (Head Note 8), appeal dismissed (1999)85 Ohio St.3d 1441, the appellant filed his petition for postconviction relief on October 16, 1996, one year to the day after his conviction. The Beaver court noted that the original postconviction relief statute did not impose a time limitation on the filing of petitions for postconviction relief.
 It is manifestly unfair to the state to allow prisoners to take advantage of their own inordinate delay; therefore, the General Assembly corrected the problem by striking this limitless provision in a 1995 amendment. Am.Sub.S.B. No. 4, 146 Ohio Laws, Part IV, 7815, 7823-7824. S.B. No. 4 also enacted new time limits. R.C. 2953.21(A)(2) provides:
 "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."
 Section 3 of Am.S.B. No. 4 contained a savings clause, which reads:
 "A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
 Am.S.B. No. 4 became effective on September 21, 1995.
Id. at 461-462 (footnote deleted). The court in Beaver held that
 trial courts are not required to make and file findings of fact and conclusions of law when summarily dismissing an untimely petition for postconviction relief. State v. Dewey (Sept. 25, 1998), Ashtabula App. No. 97-A-0077, unreported, 1998 WL 683774. A cursory judgment entry merely indicating that a petition is time-barred would be sufficient to dispose of the cause and to commence the running of the time that the petitioner has to appeal under App.R. 4(A).
Id. at 464. See also State v. Hill (1998), 129 Ohio App.3d 658,718 N.E.2d 978 [1st Dist.], appeal dismissed (1999) 84 Ohio St.3d 1470
(appellant was sentenced in 1994, had until September 23, 1996 to file a petition for postconviction relief and did not file on time; the "petition must be dismissed as untimely," Id. at 661);State v. Smith (1997), 123 Ohio App.3d 48, 702 N.E.2d 1245 [2nd
Dist.] (petition for postconviction relief was not filed with the clerk of the court of common pleas within one year of the September 21, 1995 effective date of Am.Sub.S.B. No. 4, Section 3, 146 Ohio Laws, Part IV, 7815, 7825; after the trial court found that the petition was not filed timely and dismissed the petition, the court of appeals affirmed).
The sentence in Case No. CR-238403 was imposed prior to the effective date of Am.Sub.S.B. No. 4. Likewise, relator's petition for postconviction was filed more than one year after the effective date of effective date of Am.Sub.S.B. No. 4. Respondent argues, therefore, that her denial of relator's petition for postconviction relief by entry dated August 24, 1999 is sufficient to discharge hers duty.
Nevertheless relator observes in his motion for summary judgment that he filed a direct appeal from the denial of his petition for postconviction relief — State v. Sharif, Case No. 77029. This court dismissed that appeal by entry released on March 23, 2000 and journalized on April 3, 2000, which stated: "Sua sponte, the appeal is dismissed pursuant to R.C. 2953.21. Once the trial court issues findings of fact and conclusions of law, appellant may file an appeal."
 Under the law-of-the-case doctrine, the "`decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" (Emphasis added.) Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc. (1998), 81 Ohio St.3d 214, 218, 690 N.E.2d 515, 518, quoting Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2-3, 462 N.E.2d 410, 412.
State ex rel. Baker v. State Personnel Bd. of Review (1999),85 Ohio St.3d 640, 642, 710 N.E.2d 706, rehearing denied (1999),86 Ohio St.3d 1444 (dismissal of complaint for writs of mandamus and prohibition affirmed).
In light of the disposition of Case No. 77029 and the law-of-the-case doctrine, respondent has a clear legal duty to issue findings of fact and conclusions of law. Likewise, relator has a clear legal right to have findings of fact and conclusions of law issued. Obviously, relator does not have an adequate remedy in the ordinary course of the law because this court — in the exercise of its appellate jurisdiction — has already held that relator may not pursue an appeal on the merits until respondent issues findings of fact and conclusions of law.
Respondent has not brought to this court's attention any controlling authority consistent with the holding of Beaver, supra,
that "trial courts are not required to make and file findings of fact and conclusions of law when summarily dismissing an untimely petition for postconviction relief." Id. at 464. Regardless, this court's disposition of Case No. 77029 requires that respondent issue findings of fact and conclusions of law.
The determination of this original action is not, however, intended to affect any future consideration by this court — in the exercise of its appellate jurisdiction — of whether findings of fact and conclusions, of law are required for untimely petitions for postconviction relief. Respondent has argued forcefully that a court is not required to issue findings of fact and conclusions of law in order to dispose of an untimely petition for postconviction relief. With regard to Case No. CR-238403, however, the law-of-the-case doctrine is controlling.
Accordingly, respondent's motion for summary judgment is denied. Relator's motion for summary judgment is granted.
Respondent shall file findings of fact and conclusions of law regarding relator's petition for postconviction relief filed on August 11, 1999 in Case No. CR-238403 within thirty days of the date of this entry. Respondent to pay costs.
Writ allowed.
 TERRENCE O'DONNELL, J., CONCURS.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE