DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which denied a Civ.R. 60(B) motion filed by appellant, Darek Lathan. For the reasons stated herein, this court affirms the judgment of the trial court denying appellant's Civ.R. 60(B) motion.
The trial court dismissed appellant's petition for postconviction relief as untimely on December 7, 1999 because it was not filed within the time required by R.C. 2953.21(A)(2). Appellant filed a Civ.R. 60(B) motion. The state filed a memorandum in opposition to this motion and, on February 17, 2000, the trial court denied appellant's Civ.R. 60(B) motion. Appellant filed a notice of appeal on March 7, 2000.
In his assignment of error, appellant asks this court to review the merits of the original judgment rendered by the trial court. This matter should have been raised through direct appeal of that judgment. A motion under Civ.R. 60(B) is not a substitute for a timely appeal. Dahl v. Kelling (1986), 34 Ohio App.3d 258,259.
The Ohio Supreme Court set forth the three criteria for a Civ.R. 60(B) motion in GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976) 47 Ohio St.2d 146.[1] The determination as to whether sufficient operative facts were demonstrated to justify granting a Civ.R. 60(B) motion is left to the discretion of the trial court. Doddridge v. Fitzpatrick
(1978), 53 Ohio St.2d 9, 12. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. (Citations omitted).
This court finds that appellant has not met his burden of proof with regard to the GTE criterion of presenting sufficient evidence in his Civ.R. 60(B) motion of a meritorious defense that could be presented if relief were granted. Appellant asserts that he timely filed his petition for post-conviction relief because he delivered it for mailing to the prison mail room within the applicable time limits. However, this is not the law of Ohio. InState ex rel. Tyler v. Alexander (1990), 52 Ohio St.3d 84, the Ohio Supreme Court held that the delivery of a filing to a prison mail room within the applicable time limits did not constitute a timely filing. See, also, State v. Smith (1997), 123 Ohio App.3d 48, 50. A filing is timely only if it is filed with the court clerk within the appropriate time limits. The jailer does not represent the court for filing purposes. State ex rel. Tyler v. Alexander, Id. at 85.
Accordingly, appellant's assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
James R. Sherck, J., George M. Glasser, J., Judges concur.
 _____________________________ Peter M. Handwork, J.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] The criteria are: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under Civil Rule 60(B)(1) through (5); and (3) a motion made within a reasonable time.GTE Automatic, Id. at 150.