OPINION
Defendant-appellant, Thomas M. Proctor, Jr., appeals the decision of the Butler County Court of Common Pleas dismissing his petition for postconviction relief.
In 1996, Proctor was convicted of aggravated burglary, attempted rape, and two counts of assault. He was sentenced to an indefinite term of imprisonment of six to twenty-five years for burglary, to be served concurrently with a four to fifteen-year term of imprisonment for attempted rape and six month jail terms for the assault counts. Proctor appealed, filing the trial transcripts with this court on March 19, 1997. Proctor's convictions were affirmed. State v. Proctor (Nov. 17, 1997), Butler App. Nos. CA96-12-255 and CA96-12-256, unreported.
On September 17, 1997, Proctor filed the instant petition for postconviction relief, asserting ineffective assistance of trial counsel. The trial court ordered that an evidentiary hearing be held. This hearing was twice continued and ultimately held on August 2, 1998. The state filed a motion to dismiss Proctor's petition as untimely filed under R.C. 2953.21(A)(1) and (2), and as not stating a claim for relief under R.C. 2953.23(A). The trial court granted the state's motion to dismiss Proctor's petition. Proctor appeals, raising four assignments of error.
Assignment of Error No. 1:
THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PETITIONER-APPELLANT IN DETERMINING HIS PETITION FOR POST-CONVICTION [sic] WHERE THE UNCONTESTED EVIDENCE INDUCED AT THE AUGUST 2nd[,] 1999 HEARING INDICATED THE PETITION WAS PLACED IN THE INSTITUTIONAL MAIL-ROOM ON SEPTEMBER 15TH[,] 1997.
Assignment of Error No. 2:
THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PETITIONER-APPELLANT IN DISMISSING HIS POST-CONVICTION PETITION AS UNTIMELY WHERE THE RECORD WAS NOT MADE AVAILABLE PRIOR TO THE ONE HUNDRED AND EIGHTY DAY TIME LIMIT PURSUANT TO THE POST-CONVICTION STATUTE WHERE THERE WAS CLEAR AND CONVINCING EVIDENCE OF INEFFECTIVE ASSISTANCE OF COUNSEL.
Assignment of Error No. 3:
THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PETITIONER-APPELLANT IN GRANTING APPELLEE'S MOTION TO DISMISS HIS POST-CONVICTION PETITION AS UNTIMELY WERE [sic] APPELLEE FAILED TO APPEAL THE TRIAL JUDGE'S [sic] FOR AN EVIDENTIARY HEARING PURSUANT TO ORC §2953.23(B).
 Although phrased differently, Proctor's first three assignments of error all contend that the trial court should not have dismissed his petition for postconviction relief as untimely filed. He asserts that a "prison mailbox rule" should apply, as he had delivered his petition to the prison mailroom prior to the filing deadline.
R.C. 2953.21 provides:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
* * *
 (B) The clerk of the court in which the petition is filed shall docket the petition and bring it promptly to the attention of the court. The petitioner need not serve a copy of the petition on the prosecuting attorney. The clerk of the court in which the petition is filed immediately shall forward a copy of the petition to the prosecuting attorney of that county. (Emphasis added.)
 The clear import of the emphasized language is that, if a direct appeal was taken by the offender, his petition for postconviction relief must be filed with the clerk of courts within one hundred eighty days of the filing of the trial transcripts in the appellate court for the direct appeal. There is no "prison mailbox rule" applicable to petitions for postconviction relief under R.C. 2953.21. State v. Smith
(1997), 123 Ohio App.3d 48, 50; State v. Springs (Mar. 11, 1999), Mahoning App. No. 97-CA-68, unreported; State v. Bowens
(June 26, 1998), Ashtabula App. No. 97-A-0004, unreported; State v. Coots (Dec. 24, 1997), Wayne App. No. 96CA0095, unreported; State v. Vroman (Apr. 15, 1997), Ross App. No. 96 CA2258, unreported, appeal dismissed, 79 Ohio St.3d 1483.
The trial transcripts for Proctor's direct appeal were filed on March 19, 1997. His petition was thus due to be filed on or before September 15, 1997. His petition was filed on September 17, 1997, two days outside of the statutory time period, and thus was not timely filed.
As the timeliness of the filing of a petition for postconviction relief is jurisdictional, the state was allowed to challenge the petition on jurisdictional grounds at any time.State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 75, rehearing/ reconsideration denied (1999), 84 Ohio St.3d 1475. Furthermore, the trial court's decision to grant an evidentiary hearing was interlocutory. Contrary to Proctor's assertions, the state could not appeal that decision, as it was not a final judgment adverse to the state within the purview of R.C.2953.23(B). See State v. Brenneman (1973), 36 Ohio St.2d 45, 47.
The trial court properly found that Proctor's petition for postconviction relief was untimely filed. The first three assignments of error are overruled.
Assignment of Error No. 4:
THE TRIAL COURT ERRED IN DISMISSING PROCTOR'S PETITION FOR POST-CONVICTION [sic] WHERE THERE WAS OVERWHELMING EVIDENCE OF INEFFECTIVE ASSISANCE [sic] OF COUNSEL WITHIN AS WELL AS OUTSIDE THE SCOPE OF THE TRIAL COURT WHERE: (1) THE TRIAL JUDGE ISSUE [sic] AN ORDER FOR AN EVIDENTIARY HEARING: [sic] (2) THE PETITIONER PRESENTS EVIDENCE; (a) THE LEAD DECTIVE [sic] OFFERS FALSE TESTIMONEY [sic]; (b) THE PROCUTOR [sic] OFFERS MISLEADING EVIDENCE; AND (c) THE TRIAL ATTORNEY FAILS TO INSPECT THE DOCUMENT FOR CONTENT; (3) THE ATTORNEY FAILS TO INDUCE WITNESS TESTIMONY WHERE THE STATE'S CASE IN CHIEF HINGES ON HER ABILITY TO IDENTIFY PEOPLE; (4) WHERE THE ATTORNEY FAILES [sic] TO RECUSE HIMSELF WHEN IT IS EVIDENT HIS TESTIMONY IS NECESSARY AS A WITNESS WHERE HE WAS DENIED ACCESS TO HIS CLIENT IN POLICE CUSTODY; AND (5) HE FAILES [sic] TO OBTAIN THE CHIEF WITNESS'S STATEMENT PRIOR TO TRIAL: [sic]
 In his final assignment of error, Proctor contends that his trial counsel was ineffective, thus establishing entitlement to postconviction relief. Proctor does not allege there is any evidence which was not available to his trial counsel at the time of his trial. Rather, he seeks to have the trial court review evidence which he alleges would impeach the testimony of the state's trial witnesses.
Even though a petition is not timely filed, a trial court may entertain the petition under limited circumstances. R.C. 2953.23
provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 When a petition is not timely filed, the trial court may consider the petition under R.C. 2953.23(A) only if the petitioner demonstrates the necessary statutory criteria. If the statutory criteria are not met, the trial court does not have jurisdiction to consider the petition. State v. Cripps
(Sept. 7, 1999), Preble App. No. CA99-05-013, unreported.
Proctor argues that his trial counsel failed to investigate or challenge testimony by certain witnesses and statements made by the prosecutor at trial. The evidentiary claims which Proctor raises were cognizable at trial, as evidenced by Proctor's apparent knowledge of the contested witnesses and his understanding of their alleged worth. The evidence to which Proctor refers might tend to impeach witness testimony, but it would not necessarily demonstrate by clear and convincing evidence that no reasonable trier of fact could find him guilty of the offenses of which he was convicted. Proctor failed to establish that he was entitled to relief pursuant to R.C. 2953.23(A).
Additionally, the issue of ineffective assistance of trial counsel was not raised in Proctor's direct appeal, even though his appellate counsel was different from his trial counsel. The issue of ineffective assistance of counsel is thus barred by resjudicata. State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus;State v. Cole (1982), 2 Ohio St.3d 112, 115.
The fourth assignment of error is overruled. Judgment affirmed.
WALSH and VALEN, JJ., concur.