OPINION
{¶ 1} In this case, Rick Myers appeals, pro se, from the dismissal of his petition for post-conviction relief. In support of his appeal, Myers presents the following single assignment of error:
 {¶ 2} The trial court erred in its finding that the court is without jurisdiction to rule on Defendant's motion for post conviction relief due to the court's belief that this case is pending in the Second District Court of Appeals.
 {¶ 3} Before we address the assignment of error, a few comments are in order. We note that the State has failed to file a brief in the present case. We have previously criticized the Clark County Prosecuting Attorney's office for its ongoing practice of failing to file briefs in pending cases. State v. Johnson (Mar. 21, 1997), Clark App. No. 95-CA-0100, 1997 WL 165430, *3. Despite our comments, the prosecuting attorney's office continued the practice, even during a subsequent appeal in Johnson. See State v. Johnson (July 17, 1998), Clark App. No. 97-CA-119, 1998 WL 400094. In the subsequent appeal in Johnson, we specifically disapproved of this "disturbing pattern of indifference" to prosecutorial duties. 1998 WL 400094, *1.
 {¶ 4} Regrettably, our comments appear to have had little effect, since the prosecutor is still failing to file briefs. Compare State v.Hamilton (Mar. 17, 2000), Clark App. No. 98 CA 98, 2000 WL 282303, *2 (State failed to file brief in post-conviction appeal), and State v.Dixon, Clark App. No. 01CA17, 2001-Ohio-7075, 2001 WL 1657836, *1 (State failed to file brief in appeal involving defendant's conviction for trafficking in cocaine).
 {¶ 5} As in the past when the State has failed to file briefs, we will apply App.R. 18(C), which allows us to accept an appellant's statement of facts and reverse the judgment "if appellant's brief reasonably appears to sustain the action." Unfortunately for Myers, even if we apply App.R.18(C), the trial court judgment must be upheld. The trial court did clearly err in finding a lack of jurisdiction due to the pendency of a direct appeal. However, the petition was still properly dismissed because it was not timely filed. Consequently, we will overrule the single assignment of error and affirm the trial court judgment.
 I {¶ 6} In November, 2000, Defendant, Rick Myers, was indicted on four counts of rape, three counts of sexual battery, and five counts of gross sexual imposition. The alleged offenses involved three female victims, two of whom were under the age of thirteen. Subsequently, Myers pled guilty to two counts of rape and one count of gross sexual imposition, and the remaining counts were dismissed. Myers was then sentenced to five years on each rape conviction and two years for gross sexual imposition, with all sentences to run consecutively, for a total of twelve years in prison. A judgment entry of conviction was filed on May 25, 2001, and Myers filed a timely notice of appeal on June 22, 2001. We affirmed the conviction on direct appeal. See State v. Myers, Clark App. No. 2001-CA-40, 2002-Ohio-6196.
 {¶ 7} While the direct appeal was pending, Myers filed a petition in the trial court for post-conviction relief. However, on August 6, 2002, the trial court filed a brief entry dismissing the petition for lack of jurisdiction. The reason given was that the pending direct appeal deprived the trial court of jurisdiction.
 {¶ 8} As we said above, the trial court was clearly wrong in believing that it lacked jurisdiction because of the pending appeal. In this regard, R.C. 2953.21(C) provides that "[t]he court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending." This part of the statute became effective in September, 1995, and allows concurrent processing of direct appeals and post-conviction petition proceedings. As a result, trial courts do have jurisdiction to hear timely filed petitions for post-conviction relief, even while direct appeals are pending. State v.Traish (1999), 133 Ohio App.3d 648, 650-651, and State v. Walker (Dec. 11, 1998), Montgomery App. No. 16959, 1998 WL 864567, *1.
 {¶ 9} Nonetheless, even though the trial court's reasoning was incorrect, the petition was still properly dismissed because it was untimely. Under established law, we are required to uphold a correct trial court decision, even when it is based on erroneous reasoning. See, e.g., Nations Credit v. Pheanis (1995),102 Ohio App.3d 71, 77.
 {¶ 10} According to R.C. 2953.21(A)(2), a post-conviction petition must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Because the trial transcript in Myers' direct appeal was filed on August 16, 2001, the post-conviction petition should have been filed no later than February 12, 2002. However, the time-stamp from the Clark County Clerk of Courts indicates that the petition was not filed until February 15, 2002.
 {¶ 11} Furthermore, although the certificate of service on the petition states that Myers mailed the petition on February 10, 2002, that does not make the petition timely. To the contrary, documents are considered filed when they are filed with the clerk of courts, not when they are placed in the prison mailing system. State v. Hansbro, Clark App. No. 2001-CA-88, 2002-Ohio-2922, ¶¶ 21-25. See, also, State v.Smith (1997), 123 Ohio App.3d 48. Failure to comply with filing requirements under R.C. 2953.21(A)(2) deprives trial courts of jurisdiction to consider the merits of post-conviction petitions.2002-Ohio-2922, ¶ 26. Accordingly, Myers' petition was correctly dismissed.
 {¶ 12} Based on the preceding discussion, the single assignment of error is overruled, and the judgment of the trial court is affirmed.
WOLFF, J., and YOUNG, J., concur.