{¶ 1} The State of Ohio ("Appellee") has filed a timely motion for reconsideration of our original opinion in this case, State v. Hull 7th Dist. No. 02 CA 47, 2003-Ohio-3715, which was released on July 7, 2003. Appellee's first argument is that we based our Opinion on an outdated section of the Ohio Administrative Code. Our original Opinion was based, in part, on our presumption that the parties themselves agreed that a prior version of Ohio Adm. Code 3701-53-02(C) governed this case. The Motion to Suppress that Appellant filed in the trial court specifically alleged that the state did not comply with the requirements of former Ohio Adm. Code 3701-53-02(C) and corresponding Appendix H, including the former requirement in Appendix H that two hand-held radios be used to conduct the radio frequency interference ("RFI") tests. (11/1/02 Motion to Suppress, pp. 14-16.) Appellant's first assignment of error on appeal also challenged whether, "an RFI check was conducted using hand-heldradios normally used by the law enforcement agency[.]" (Emphasis added.) (7/3/03 Brief, p. 2.) Appellant argued, in part, that the state did not use two radios when it conducted its RFI tests, based on the requirements of former Ohio Adm. Code 3701-53-02(C) and Appendix H. The law on this issue is well-established, and we based our Opinion on those accepted principles. The current version of Ohio Adm. Code 3701-53-02(C), now designated as 3701-53-04(A)(1), no longer refers to Appendix H, and no longer requires that RFI be tested using two radios.
 {¶ 2} Appellee did not challenge Appellant's reliance upon former Ohio Adm. Code 3701-53-02(C) and Appendix H, either at the trial court level or on direct appeal. In fact, the only case that Appellee cited in its original appellate brief addressing the RFI issue was a case dealing with former Ohio Adm. Code 3701-53-02(C), namely, State v. Boys (1998),128 Ohio App.3d 640, 716 N.E.2d 273.
 {¶ 3} When parties agree about the underlying law that applies to the issues on appeal, appellate courts often resolve disputed issues utilizing the agreed-upon law. State v. Adkins, 5th Dist. No. CA-906,2002-Ohio-3943, ¶ 43; State v. Lott (May 30, 2002), 8th Dist. Nos. 79790, 79791 and 79792; State v. Smith (1997), 123 Ohio App.3d 48, 50,702 N.E.2d 1245; State v. Harrison (1993), 88 Ohio App.3d 287, 289,623 N.E.2d 726. Despite the parties' law and arguments contained in their briefs, the parties now assert that our presumption that they had agreed to rely on former Ohio Adm. Code 3701-53-02(C) and Appendix H was apparently incorrect. Thus, limited reconsideration of our Opinion is warranted.
 {¶ 4} Upon reconsideration of the original assignments of error in this case, we conclude that the result of our original Opinion was correct, although we modify our analysis as follows:
 {¶ 5} Appellant originally raised four issues in his first assignment of error. Appellant first argued that the state did not conduct its RFI tests using hand-held radios normally used by the Ohio State Highway Patrol. At the hearing on the motion to suppress, Appellant's counsel asked Trooper Hughes whether the state had any evidence that showed what type of radio was used to conduct the RFI test. (12/13/01 Tr. p. 34.) Trooper Hughes did not personally conduct the RFI tests and could not point to anything in the record indicating what type of radio was used. Appellant relied on this lack of evidence as proof that the RFI tests were not conducted properly. This lack of evidence as to the type of radio used, though, does not automatically invalidate the RFI tests. Ohio Adm. Code 3701-53-04(A)(1) states: "[t]he RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test." Appellant did not question Trooper Hughes as to whether or not the BAC DataMaster detected RFI or aborted a subject test. As Appellant did not raise these matters at the suppression hearing, and because the record reflects that RFI was detected during tests performed on October 7, 2001, and October 14, 2001, we do not find Appellant's argument persuasive.
 {¶ 6} Appellant next argues that the instrument check solution was not properly refrigerated as required by Ohio Adm. Code 3701-53-04(C). Appellant raised this issue in its Motion to Suppress and at the suppression hearing. Appellant's counsel questioned Trooper Hughes as to whether the test solution was refrigerated at any time. (12/13/01 Tr., p. 35.) The record indicated that Trooper Hughes did not personally conduct the instrument checks on the BAC DataMaster. When a defendant properly raises the issue of the refrigeration of the instrument check solution in a Motion to Suppress and at the suppression hearing, the state must present some evidence of substantial compliance with the refrigeration requirements of Ohio Adm. Code 3701-53-04(C). State v.McCardel (Sept. 28, 2001), 11th Dist. No. 2000-P-0092.
 {¶ 7} Appellee argued that the state was not required to prove that the instrument check solution was refrigerated, citing our holding in State v. Pagan (Nov. 10, 1999), 7th Dist. No. 97 CA 80, which states: "[I]n the absence of evidence to the contrary, it is not necessary to present testimony that the calibration solution was kept under refrigeration." Pagan does not support Appellee's argument in this case. When a defendant specifically establishes at a suppression hearing that the state's witnesses and documentation fail to provide any indication that the test solution was refrigerated after first use, this qualifies as "evidence to the contrary" and places the burden on the state to provide at least some minimal evidence that the test solution was refrigerated. First, of course, that the defendant must properly raise the issue of refrigeration in a motion to suppress.
 {¶ 8} In the instant case, Appellant did properly raise the issue of refrigeration in a motion to suppress and at the suppression hearing, but Appellee did not reciprocate with any evidence of refrigeration. Therefore, the state did not substantially comply with its burden of proof concerning refrigeration and Appellant's breath test results should have been suppressed.
 {¶ 9} Appellant's third argument was that the instrument test records were not kept for three years as required by Ohio Adm. Code3701-53-04(E) and 3701-53-01(A). Appellant properly raised this issue in her Motion to Suppress and at the suppression hearing. Once again, the state provided no evidence that the records were kept prior to October 7, 2001, which was less than one week prior to the date Appellant received her citation. Therefore, the state cannot be said to have substantially complied with its burden of proof and Appellant's breath test results should have been suppressed.
 {¶ 10} Appellant's fourth argument was that the evidence was insufficient to show that the instrument check solution was approved by the director of health as required by Ohio Adm. Code 3701-53-04(A)(2). Appellant properly raised this issue in her motion to suppress and at the suppression hearing. In order to substantially comply with the requirements of Ohio Adm. Code 3701-53-04(A)(2), the state must produce evidence that the calibration test solution was properly approved by the director of health. Pagan, supra, 7th Dist. No. 97 CA 80, at 2. The state normally complies with this requirement by producing a so-called "batch and bottle affidavit" or a properly authenticated calibration solution certificate. Id.
 {¶ 11} Evid.R. 901 requires exhibits at trial to be authenticated, i.e., it must be proven that, "the matter in question is what its proponent claims." Generally, exhibits are authenticated by the testimony of a witness who has direct knowledge that the matter is what it claims. Evid.R. 901(B)(1). According to Evid.R. 1005, copies of public documents may be authenticated in any of the ways described in Evid.R. 902, Civ.R. 44 or Crim.R. 27. The mere presentation of a copy of an official record, such as a calibration solution certificate, is not one of the approved methods of authentication under Evid.R. 1005, Evid.R. 902, Civ.R. 44, or Crim.R. 27. See State v. Lake, 151 Ohio App.3d 378,2003-Ohio-332, 784 N.E.2d 162, ¶¶ 14ff.; Pagan, supra. Therefore, Appellee did not substantially comply with the requirements of Ohio Adm. Code 3701-53-04(A)(2), and Appellant's breath test results should have been suppressed.
 {¶ 12} Due to the disposition of all the arguments originally raised by Appellant in her appeal, we find that there are three reasons for suppressing the breath test results in this case.
 {¶ 13} Appellant also argued on direct appeal that her no contest plea was invalid because the state did not comply with R.C. 2937.07, which states:
 {¶ 14} "If the offense be a misdemeanor and the accused pleads guilty thereto, the court or magistrate shall receive and enter such plea unless he believes it made through fraud, collusion; or mistake in which case he shall enter a plea of not guilty and set the matter for trial pursuant to Chapter 2938. of the Revised Code. * * *"
 {¶ 15} "If the plea be `no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. * * *"
 {¶ 16} Appellant argues that the state did not present an explanation of the circumstances of the offense, and for this reason, the court should not have accepted the plea. Appellant is correct. We have recently held that:
 {¶ 17} "R.C. 2937.07 requires that when a court finds a defendant guilty after that defendant has entered a no contest plea, an explanation of the circumstances surrounding that finding of guilt must be made on the record." State v. Maley, 7th Dist. No. 01 CO 38, 2002-Ohio-5220, at ¶ 8. If the record does not contain an explanation of circumstances, the plea must be vacated. Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 151, 459 N.E.2d 532.
 {¶ 18} The record contains no explanation of circumstances supporting her plea of no contest. Therefore, the plea must be vacated.
 {¶ 19} Appellee argues on reconsideration that this Court failed to take into account the recent Ohio Supreme Court decision in State v.Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419.
 {¶ 20} Watkins dealt with the requirements of Traf.R. 10(B) and 10(D). Traf.R. 10(D) reads: "In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 21} The effect of a no contest plea is defined in Traf.R. 10(B)(2): "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 22} The issue in Watkins was whether a trial judge satisfied the requirement of Traf.R. 10(D) of, "informing the defendant of the effect of the plea of guilty, no contest, and not guilty," by simply referring to Traf.R. 10(B), or whether a much more extensive colloquy must take place involving a variety of constitutional rights.
 {¶ 23} The Watkins court held that:
 {¶ 24} "The protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses. Accordingly, we find that where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." Id. at ¶ 28.
 {¶ 25} The provisions of Traf.R. 10 mirror those in Crim.R. 11 dealing with guilty pleas and no contest pleas in misdemeanor cases.
 {¶ 26} While we were well aware of the Watkins decision when we released our Opinion, it remains clear to us that Watkins is inapplicable to the issues raised in this appeal. "The provision in R.C. 2937.07
requiring an explanation of circumstances following a plea of no contest has not been superseded by the enactment of Crim.R. 11 because the statutory provision confers a substantive right." Bowers, supra,9 Ohio St.3d 148, 459 N.E.2d 532, at syllabus. Even under the holding ofWatson, the state is required to offer an explanation of circumstances to support a no contest plea in a misdemeanor case.
 {¶ 27} Based on our reconsideration of the original Opinion issued in this matter, and based on the apparently revised position of the parties, we revise the reasoning of our Opinion but not our original judgment. We sustain both of Appellant's assignments of error on appeal. Based on Appellant's first assignment of error, we reverse the judgment of the trial court, vacate Appellant's plea, and this cause is remanded for further proceedings according to law and consistent with this Court's Opinion.
Waite, P.J., Donofrio and DeGenaro, JJ., concur.