OPINION
This matter comes for consideration upon the record in the trial court and Appellant's brief. Appellant Delaney Wellington appeals the decision of the Youngstown Municipal Court finding him guilty of a loud music violation. Because the trial court failed to take into consideration any explanation of circumstances prior to finding Wellington guilty, Wellington's plea is vacated, his conviction is reversed and this cause is remanded to the trial court for further proceedings.
 {¶ 1} On August 23, 2003, Wellington was pulled over and cited for not wearing a seatbelt and for playing loud music. Wellington initially pleaded not guilty but on the date of trial changed his plea to no contest on the loud music charge. As part of an agreement with the prosecutor, the seatbelt charge was dismissed. On October 14, 2003, the trial court found Wellington guilty of the loud music violation and proceeded to sentence him. It is from that judgment that Wellington now appeals.
 {¶ 2} As his sole assignment of error, Wellington argues:
 {¶ 3} "The Court erred by finding the Defendant guilty upon his plea of no contest, as the State offered no explanation of circumstances."
 {¶ 4} Wellington claims that the trial court's failure to require an explanation of circumstances before finding him guilty was in violation of R.C. 2937.07, which states in relevant part:
 {¶ 5} "If the plea be `no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. Such plea shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal."
 {¶ 6} His assertion is correct as the Ohio Supreme Court has found the statute to be a viable standard. "Section 2937.07
confers a substantive right. Therefore, a no contest plea may not be the basis of a finding of guilty without an explanation of circumstances." Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 150. R.C. 2937.07 is mandatory and it cannot be presumed from a silent record that the trial court complied with its requirements. State v. Schniable (Apr. 9, 1997), 7th Dist. No. 95-CO-60, at 4 citing State v. Boerst (1973),45 Ohio App.2d 240,241. See, also,State v. Malek, 2002-Ohio-6431, 7th Dist. No. 02CA97 and State v. Hull,2003-Ohio-5306, 7th Dist. No. 02CA47.
 {¶ 7} In Schniable, this court held that a no contest plea relieves the prosecution of the burden of presenting evidence sufficient to prove a defendant guilty beyond a reasonable doubt. This does not relieve the burden to present facts relating to each element of the offense in the explanation of circumstances. Thus, a conviction is improper when statements of factual matters presented to the court in support of the complaint negate an essential element of the offense charged, Id. citing State v.Stow Veterans Assn. (1987), 35 Ohio App.3d 45, 46. "[T]he question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court made the necessary explanation in this instance." Bowers, at 151.
 {¶ 8} In Bowers, the defendant was convicted after pleading no contest to a charge of driving while under the influence and subsequently appealed. Id., at 148-149. The court reasoned the trial court erred when the actual complaint, arresting officer's report, and all other such documentary evidence was not specifically read into the record to illustrate that the court made its decision in a non-perfunctory manner. Id. at 151. The record must reflect and explain the evidence the court considered when it rendered its verdict. Id. Therefore, the Ohio Supreme Court vacated the defendant's plea because the trial court failed to read into the record an explanation of circumstances as required under R.C. 2937.07. Id.
 {¶ 9} In the instant case, the transcripts likewise fail to illustrate Wellington was ever addressed concerning either the charge against him or the elements of that offense. ApplyingBowers, it is apparent the trial court failed to fully explain the circumstances surrounding the case. Wellington's sole assignment of error is meritorious.
 {¶ 10} Accordingly, the judgment of the trial court is reversed, Wellington's plea is vacated and this cause is remanded for further proceedings.
Donofrio, J., concurs.
Vukovich, J., concurs