The STATE of Ohio, Appellee,

v.

LAUER, Appellant.

[Cite as *State v. Lauer* (2001), 146 Ohio App.3d 354.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–01–10.

Decided Oct. 15, 2001.

*Martin Koop,* Tiffin City Prosecutor, for appellee.

*John M. Kahler II,* for appellant.

THOMAS F. BRYANT, Judge.

Defendant-appellant Danielle K. Lauer ("Lauer") brings this appeal from the judgment of the Tiffin Municipal Court denying her motion to suppress.

On March 4, 2001, Trooper Worcester saw Lauer weaving within her lane and crossing the white boundary line on the right side of the road. After stopping

Lauer, the trooper noticed a moderate odor of alcohol on her breath, moderately slurred speech, and red eyes. Lauer admitted to the officer that she was nineteen and had consumed two beers at a wedding reception. The trooper then administered two field sobriety tests; however, he did not comply with the requirements for giving the test. After the tests, the trooper arrested Lauer for driving while under the influence of alcohol in violation of R.C. 4511.19(B)(2), failing to maintain marked lanes in violation of R.C. 4511.33, and underage consumption of alcohol in violation of R.C. 4301.632.

On March 22, 2001, Lauer filed a motion to suppress the evidence based upon the following:

"1. There was no lawful cause to stop [Lauer], detain [Lauer], and/or probable cause to arrest [Lauer] without a warrant.

"2. The field sobriety tests were not administered in strict compliance with the National Highway Traffic Safety Administration's Standardized Field Sobriety Testing Student manual. *State v. Homan* (2000), 89 Ohio St.3d 421 [732 N.E.2d 952].

"3. The instrument was not checked to detect RFI using a hand-held radio normally used by the law enforcement agency. OAC 3701–53–04(A)(2).

"4. Calibration solutions were not kept under refrigeration after first use, when not being used. OAC 3701–53–04(C).

"5. The calibration solution container was not retained for reference until the calibration solution was discarded. OAC 3701–53–04(C).

"6. Results of instrument checks, and records of maintenance and repairs were not retained in accordance with OAC 3701–53–01(A)." Motion to Suppress at 1–2.

A hearing was held on the motion on April 16, 2001. On April 17, 2001, the trial court denied Lauer's motion to suppress. Lauer then changed her plea and pled no contest to the DUI charge. The remaining charges were dismissed.

Lauer raises the following assignments of error:

"The trial court erred in denying [Lauer's] motion to suppress because the arresting officer lacked a reasonable and articulable suspicion to stop and detain [Lauer].

"The trial court erred by failing to suppress evidence of [Lauer's] performance on field sobriety tests that were not conducted in strict compliance with the national highway traffic safety administration's standardized field sobriety testing student manual.

"The trial court erred to the prejudice of [Lauer] by admitting into evidence a breath test result after the State had failed to prove substantial compliance with the Ohio Department of Health Rules and Regulations governing the administration of breath tests."

The review of a motion to suppress involves a mixed question of law and fact. *State v. Norman* (1999), 136 Ohio App.3d 46, 735 N.E.2d 953. We are required to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* Then, accepting those facts as true, we independently determine as a matter of law whether the applicable legal standard is met. *Id.*

In the first assignment of error, Lauer argues that the trooper lacked a reasonable and articulable suspicion for stopping her. "It is well settled that before stopping a vehicle, a law enforcement officer must have reasonable suspicion, based on specific and articulable facts that an occupant is or has been engaged in criminal activity." *Id.* at 52–53, 735 N.E.2d at 957. In a stop where the officer has observed a traffic violation, the stop is constitutionally valid. *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091. Here, the trooper testified that he observed Lauer cross the right edge marker approximately four times. This is evidence that Lauer was not traveling in her marked lane, thus violating a traffic law and giving reasonable and articulable suspicion for the stop. The first assignment of error is overruled.

The second assignment of error addresses the issue of whether field sobriety tests not performed in strict compliance with the regulations are admissible as evidence. The Ohio Supreme Court has held that "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." *State v. Homan* (2000), 89 Ohio St.3d 421, 732 N.E.2d 952. "When field sobriety testing is conducted in a manner that departs from established methods and procedures, the results are inherently unreliable." *Id.* at 424, 732 N.E.2d at 955. In this case, the trial court evidently determined that the field sobriety test was not performed in strict compliance because it stated that the results of that test were excluded from consideration. Thus, the results were properly excluded and the second assignment of error is overruled.

In the third assignment of error, Lauer argues that the state did not substantially comply with the requirements for the breath test. Specifically, Lauer claims that the state presented no evidence that the machine had been tested for interference from hand-held radios. The state must demonstrate that the breath test administered to the defendant substantially complied with the regulations promulgated by the Ohio Department of Health. *State v. Plummer*

(1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902. "Once the state meets its burden, the burden shifts to the defendant to prove that he or she was prejudiced by any variation from the regulations." *State v. Boys* (1998), 128 Ohio App.3d 640, 643, 716 N.E.2d 273, 276.

The regulations state:

"(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.

"* * *

"(2) The instrument shall be checked to detect RFI using a hand-held radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced.

"* * *

"(E) Results of instrument checks, and records of maintenance and repairs shall be retained in accordance with paragraph (A) of rule 3701–53–01 of the Administrative Code." Ohio Adm. Code 3701–53–04.

In order to find substantial compliance with the above regulation, there must be some evidence that a timely test was performed in the proper manner and that the results showed that the machine was functioning properly.

 In this case, the state presented an affidavit of an officer that an RFI test was done at some point prior to Lauer's test and a second affidavit stating that an RFI test was done at some point after Lauer's test. However, these affidavits do not state who did the test, on what date it was done, or what the results of the tests were. The state did not present any evidence that the test was completed in compliance with the requirements of the Ohio Administrative Code. Since Lauer specifically raised the issue of the RFI test in her motion to suppress, the state was on notice that it would need to prove that it substantially complied with the requirements. It failed to do so.

The state argues in its brief that this does not matter, because Lauer cannot show that she was prejudiced by RFI. However, this argument shifts the burden of proof at the beginning. The state must first show that it substantially complied with the requirements. Once the state has proved substantial compliance, the burden then shifts to the defense to prove prejudice. Since the state

failed to prove compliance, the burden to show prejudice never arose. Thus, the results of the breath-alcohol content test should have been suppressed. The third assignment of error is sustained.

Lauer was charged with a violation of R.C. 4511.19(B)(2), which requires a breath-alcohol content of at least .08. Since the breath tests should have been excluded, the record reveals no evidence from which this finding could have been made. Thus, the judgment of guilt must be vacated.

The judgment of the Tiffin Municipal Court is reversed, and the defendant is ordered discharged.

*Judgment reversed.*

SHAW and HADLEY, JJ., concur.