OPINION
{¶ 1} Appellant, Ahmed El Messoussi ("El Messoussi"), appeals the November 13, 2003 judgment of conviction of operating a motor vehicle under the influence by the Marysville Municipal Court, Union County.
 {¶ 2} On September 1, 2003, El Messoussi was stopped by Trooper Schmutz of the Ohio State Highway Patrol for allegedly operating his motor vehicle outside his lane of travel. Trooper Schmutz reported that El Messoussi's eyes were bloodshot and glassy and that he had a strong odor of alcohol about his person. Trooper Schmutz then asked El Messoussi to perform field sobriety tests. After a series of field sobriety tests were administered, El Messoussi was arrested for operating a motor vehicle under the influence, in violation of R.C. 4511.19. El Messoussi was transported to the Marysville Post of the Ohio State Highway Patrol where he submitted to a breath alcohol test, the result of which was .100 grams by weight of alcohol per 210 liters of breath.
 {¶ 3} El Messoussi entered a plea of not guilty to the charge of operating a motor vehicle under the influence. A suppression hearing was held on October 27, 2003, in which the trial court suppressed the field sobriety tests and El Messoussi's admission to having consumed alcohol. However, the trial court found the evidence showed Trooper Schmutz administered the breath test in substantial compliance with the regulations of the Ohio Department of Health. Furthermore, the court found that the calibration of the BAC DataMaster was properly checked in accordance with the regulations. Therefore, the trial court did not suppress the results of the breath alcohol test administered to El Messoussi.
 {¶ 4} El Messoussi changed his plea to no contest on November 13, 2003. The trial court found El Messoussi guilty of violating R.C. 4511.19(A)(3) and he was sentenced for the offense. It is from this judgment that El Messoussi now appeals, asserting the following assignment of error.
The trial court erred by overruling a defense motion tosuppress the results of a Breathalyzer test that was notconducted in compliance with regulations promulgated by the OhioDepartment of Health.
 {¶ 5} In his sole assignment of error, El Messoussi asserts that the state failed to prove that the breath test machine was calibrated in substantial compliance with the regulations of the Ohio Department of Health. El Messoussi asserts that the results of the blood alcohol test should have been suppressed.
 {¶ 6} The review of a motion to suppress involves a mixed question of law and fact. State v. Lauer, 146 Ohio App.3d 354,2001-Ohio-2291, 766 N.E.2d 193, citing State v. Norman,136 Ohio App.3d 46, 1999-Ohio-961, 735 N.E.2d 953. A reviewing court is required to accept the trial court's findings of fact if they are supported by competent, credible evidence. Lauer,146 Ohio App.3d at 358. Accepting the trial court's facts as true, our role is then to independently determine as a matter of law whether the applicable legal standard has been met. Id.
 {¶ 7} In seeking to admit the results of a breath test, the state bears the burden of demonstrating that the breath test was administered to the defendant in substantial compliance with the regulations of the Ohio Department of Health. State v. Plummer
(1986), 22 Ohio St.3d 292, 490 N.E.2d 902. Once the state meets its burden, the burden then shifts to the defendant to prove that he or she was prejudiced by a variation from the regulations.Lauer, 146 Ohio App.3d at 359, citing State v. Boys (1998),128 Ohio App.3d 640, 643, 716 N.E.2d 273.
 {¶ 8} Ohio Adm. Code 3701-53-04, the regulation that governs instrument checks for drug and alcohol testing, provides:
(A) A senior operator shall perform an instrument check onapproved evidential breath testing instruments and a radiofrequency interference (RFI) check no less than once every sevendays in accordance with the appropriate instrument checklist forthe instrument being used. The instrument check may be performedanytime up to one hundred and ninety-two hours after the lastinstrument check.
 (1) The instrument shall be checked to detect RFI using ahand-held radio normally used by the law enforcement agency. TheRFI detector check is valid when the evidential breath testinginstrument detects RFI or aborts a subject test. If the RFIdetector check is not valid, the instrument shall not be useduntil the instrument is serviced.
* * *
(E) Results of instrument checks, calibration checks andrecords of service and repairs shall be retained in accordancewith paragraph (A) of rule 3701-53-01 of the AdministrativeCode.
 {¶ 9} The Ohio Supreme Court in State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 34, limited the substantial compliance standard set forth in Plummer to "excusing only errors that are clearly de minimis." These de minimis errors that are acceptable under the substantial compliance standard have been characterized as "minor procedural deviations." Id., citing State v. Homan, 89 Ohio St.3d 421,426, 2000-Ohio-212, 732 N.E.2d 952. It is with these principles in mind that we consider whether the state substantially complied with the radio frequency interference (RFI) test in the instant case.
 {¶ 10} The state asserts that it provided competent, credible evidence to prove Trooper Schmutz used a hand-held radio to perform the RFI test in compliance with Ohio Adm. Code 3701-53-04. In the alternative, the state asserts that it substantially complied with the instrument checking regulation.
 {¶ 11} The testimony provided at the suppression hearing revealed that a RFI test was performed on the BAC DataMaster machine on August 30, 2003 by Sergeant Payer. Sergeant Payer testified that he activated his radio, which he referred to as "my portable radio" in conducting the RFI test. Tr. 54. The RFI test conducted by Sergeant Payer indicated radio interference in the room. Another RFI test was performed on the BAC DataMaster machine on September 5, 2003 by Trooper Schmutz. Trooper Schmutz testified that he followed the standard BAC DataMaster Instrument Checklist when he tested the machine. The third step on the checklist instructs the operator as follows: "When instrument displays `PLEASE BLOW', transmit using hand-held radio near instrument without touching it, until RFI detector aborts the test." State's Appendix Exhibit A. Trooper Schmutz testified that he transmitted his radio near the instrument until the machine aborted itself. Tr. 33. Trooper Schmutz testified that the BAC machine detected radio interference when he conducted the RFI test. El Messoussi's BAC test on September 1, 2003 was administered between the two RFI tests explained above, which indicated the machine was properly working.
 {¶ 12} El Messoussi contends, however, that the state failed to establish substantial compliance with the requirement of Ohio Adm. Code 3701-53-04 that the instrument be checked to detect RFI "using a hand-held radio normally used by the law enforcement agency." We disagree.
 {¶ 13} El Messoussi relies on this court's holding in Statev. Lauer, 146 Ohio App.3d 354, 2001-Ohio-2291, 766 N.E.2d 193 to support his contention. However, the facts in the Lauer case differ substantially from the facts in the case sub judice. InLauer, the state relied on two affidavits of an officer to prove substantial compliance with Ohio Adm. Code 3701-53-04. Id. at 359. The affidavits provided an RFI test was conducted "at some point prior" to defendant's test and "at some point after" the defendant's test. Id. In determining that the state failed to show substantial compliance with the requirements, we noted the "affidavits [did] not state who did the test, on what date it was done, or what the results of the test were." Id. The state inLauer failed to present any evidence that the tests were conducted in compliance the requirements. Id.
 {¶ 14} The facts are quite different in the case sub judice. In this case, the state presented into evidence the BAC DataMaster Instrument Check Forms which included the dates of the BAC DataMaster instrument checks, the name of the operator of the checks and the results of the checks. In addition, both Sergeant Payer, who conducted the check prior to El Messoussi's BAC test, and Trooper Schmutz, who conducted the check after El Messoussi's BAC test, were present at the suppression hearing to give testimony regarding the checks and were subject to cross-examination. Both Trooper Schmutz and Sergeant Payer indicated that they followed the checklist on the instrument check forms and that they used their portable radios to conduct the RFI tests.
 {¶ 15} El Messoussi relies on the lack of evidence indicating what type of radio was used as proof that the RFI tests were not conducted in accordance with the regulation. However, the court in State v. Hull, 7th Dist. No. 02 CA 147, 2003-Ohio-5306, at ¶ 5, held that "[t]his lack of evidence as to the type of radio used, though, does not automatically invalidate the RFI tests." The standard for the validity of the RFI test is provided in Ohio Adm. Code 3701-53-04(A)(1), which states: [t]he RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test." The record in this case shows that the radio interference was detected in the tests of the BAC DataMaster conducted on August 30, 2003 and September 5, 2003.
 {¶ 16} We find that the evidence produced at the suppression hearing adequately addressed the issue of the RFI testing to a degree that satisfies substantial compliance with the regulation. Therefore, El Messoussi's assignment of error is overruled and the judgment of the Marysville Municipal Court, Union County is affirmed.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.