OPINION *Page 2 
{¶ 1} Defendant-appellant, Dawn Bugaj, appeals from a Belmont County Court, Northern Division decision convicting her of possession of drug paraphernalia.
 {¶ 2} On February 15, 2006, a complaint was filed charging appellant with one count of possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1). Appellant entered a not guilty plea.
 {¶ 3} On March 29, 2006, appellant filed a motion to suppress the evidence against her and dismiss the case for the reason that her co-defendant, Damien Green, had "already pled guilty to the incident that led to the filing of that charge." She argued that her co-defendant had admitted that all of the items of drug paraphernalia that she was charged with possessing were his property.
 {¶ 4} The court held a hearing on the motion and overruled it on April 5, 2006. Appellant subsequently withdrew her not guilty plea and entered a plea of no contest. The court then found appellant guilty as charged. It sentenced her to 30 days in jail to run concurrent with her sentence in criminal cases 06 CR B 0008 and 06 CR B 0008-02, all suspended except for seven days.[1] The court also fined appellant $100, ordered her to pay costs, suspended her driver's license for six months, and placed her on supervised probation for two years.
 {¶ 5} Appellant filed a timely notice of appeal on May 2, 2006. The trial court stayed her sentence pending this appeal.
 {¶ 6} At the outset, it should be noted that plaintiff-appellee, the State of Ohio, has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 7} Appellant raises a single assignment of error, which states:
 {¶ 8} "THE COURT ERRED IN FINDING THE APPELLANT GUILTY FOLLOWING HER NO CONTEST PLEA WHERE THE RECORD CONTAINS NO EVIDENCE TO SUPPORT THE CONVICTION." *Page 3 
 {¶ 9} Appellant argues that the state failed to offer any evidence to support the allegations in the complaint. She also states that she did not stipulate to or waive the presentation of evidence when she pled no contest. Thus, she contends that there is no evidence on the record to support the trial court's finding of guilt.
 {¶ 10} R.C. 2937.07 provides in part that a "plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07 is mandatory and we cannot presume from a silent record that the trial court complied with its requirements. State v.Wellington, 7th Dist. No. 03-MA-199, 2004-Ohio-6807, at ¶ 6. Additionally, the Ohio Supreme Court has held that a court may not use a no contest plea as the basis for a finding of guilty without an explanation of circumstances. Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 150, 459 N.E.2d 532.
 {¶ 11} Normally, we would look to the transcript of the hearing to determine whether the trial court complied with the above requirement. However, appellant has failed to provide this court with a transcript, or appropriate transcript substitute, in accordance with App.R. 9. It is appellant's responsibility to provide the court with a record of the facts, testimony, and evidence in support of her assignments of error.State v. Funkhouser, 7th Dist. No. 02-BA-4, 2003-Ohio-697, at ¶ 13.
 {¶ 12} Appellant did file a single-volume transcript that included a March 29, 2006 suppression hearing, a brief April 5, 2006 suppression hearing, and a hearing dated April 19, 2006, which appears to be the date of appellant's no contest plea and subsequent finding of guilt.[2] However, the portion of the transcript dealing with the April 19 hearing, as stated in its entirety, is as follows:
 {¶ 13} "THE COURT: Ms. Bugaj, come on forward.
 {¶ 14} "THE DEFENDANT: (Complying).
 {¶ 15} "MR. FRY [the prosecutor]: Judge, we need a few minutes to discuss this I *Page 4 
this I know in chambers.
 {¶ 16} "THE COURT: Am I to be part of that discussion?
 {¶ 17} "MR. FRY: Yes.
 {¶ 18} "THE COURT: Keep in mind I'm not receptive to the proposed resolution in the past. So if that's going to be laid on me, I'm not interested." (Tr. 41).
 {¶ 19} The court was then put in recess. The transcript ends here. Thus, it appears that the proceeding either continued in chambers, without a court reporter present, or it continued later and was not made a part of the same transcript volume. Either way, the burden was on appellant to provide us with a record of what occurred. We know a hearing did occur because the trial court states in its judgment entry that appellant appeared in open court, she withdrew her former plea, she entered a no contest plea, and the court accepted the plea and found appellant guilty. Even if a court reporter was not present, appellant could have provided us with a statement of the evidence or proceedings as permitted by App.R. 9(C). Without a transcript or appropriate substitute, we cannot review this issue. Accordingly, appellant's sole assignment of error is without merit.
 {¶ 20} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
[1] Criminal cases 06 CR B 0008 and 06 CR B 0008-02 are the subject ofState v. Bugaj, 7th Dist. No. 06-BE-27.
[2] This case, although stemming from a separate incident, proceeded along with appellant's other criminal case, which, as stated above, is the subject of Bugaj, 7th Dist. No. 06-BE-27. *Page 1