[Cite as *State v. James*, 2016-Ohio-4662.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0003 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOSEPH JAMES | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Youngstown
Municipal Court of Mahoning County,
Ohio
Case Nos. 11CRB2435; 11TRD3755;
14CRB2625; 14CRB2629;

JUDGMENT:     Affirmed in part.
Vacated and Dismissed in part.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Dana Lantz
Youngstown City Prosecutor
26 S. Phelps Street
Youngstown, Ohio 44503

For Defendant-Appellant:     Atty. Edward A. Czopur
DeGenova & Yarwood, Ltd.
42 North Phelps St.
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: June 21, 2016

WAITE, J.

{¶1} On December 30, 2014, Appellant pleaded no contest and was sentenced on five misdemeanor charges in Youngstown Municipal Court. He argues on appeal that there was no explanation of the circumstances of the charges as required by R.C. 2937.07 when accepting no contest pleas, and that all five convictions should be reversed. Three of the convictions stem from an earlier plea hearing held on November 21, 2011. That plea hearing transcript is not in the record. Thus, there is no basis in the record to find reversible error as to those convictions. The two charges from the second plea and sentencing hearing were for theft and possession of drugs. The record contains an explanation of the theft charge, but almost no information about the possession of drug charge. Appellant is correct that R.C. 2937.07 requires that the conviction for possession of drugs be reversed because there was no explanation in the record to support the possession charge. The possession of drugs charge in Case No. 14CRB2629 is vacated and dismissed with prejudice. The remaining convictions and sentences are affirmed.

### Facts and Procedural History

{¶2} The state has not filed a brief in this case, and the procedural history can be gleaned through Appellant's perspective, only. On November 19, 2011, Appellant was cited for possession of marijuana in Case No. 11CRB2435, and for driving under suspension and failure to obey a traffic control device in Case No. 11TRD3755. He pleaded no contest to these charges on November 21, 2011. The case was set for sentencing on March 16, 2012. Appellant failed to appear and a capias was issued for his arrest.

{¶3} On December 13, 2014, Appellant was arrested for theft in Case No. 14CRB2625 and possession of drugs in Case No. 14CRB2629. On December 30, 2014, he pleaded no contest to these charges, and a sentencing hearing followed to resolve all five pending charges. On the 2011 charges Appellant was fined. On the 2014 charges, Appellant was sentenced to 30 days in jail for drug possession and 180 days for theft. The sentences were ordered to be served consecutively. The judgment entries for all of the charges were filed on December 30, 2014. This timely appeal followed involving all five charges.

{¶4} The state has failed to file an appellee's brief in this appeal. Pursuant to App.R. 18(C):

> If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND APPELLANT GUILTY WITHOUT CALLING FOR AN EXPLANATION OF THE CIRCUMSTANCES AS REQUIRED BY R.C.

2937.07, AND WITHOUT WHICH THERE WERE NO FACTS IN EVIDENCE TO SUPPORT THE GUILTY FINDING.

**{¶5}** This appeal arises from no contest pleas in five separate misdemeanor criminal charges before the Youngstown Municipal Court. Appellant argues that in order for a misdemeanor criminal conviction following a no contest plea to be valid, it must be supported by an "explanation of the circumstances of the offense" on the record, as set forth in R.C. 2937.07, which states in pertinent part:

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that *the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense*. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint.

**{¶6}** The Ohio Supreme Court in *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 492 N.E.2d 532 (1984) held that "R.C. 2937.07 confers a substantive right. Therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Id.* at 150. In *Bowers*, the trial court had before it the defendant's traffic citations, accident report, arresting officer's report and the report of a chemical breath test. Nevertheless, the record did not reflect that the trial court

actually considered this documentary evidence prior to entering its finding of guilt, nor did the court read the facts contained in those documents into the record to supply an explanation of the circumstances of the crime. The *Bowers* Court determined that R.C. 2937.07 provides a criminal defendant with a substantive right and concluded that a trial court may not find a defendant guilty after a no contest plea without an explanation of circumstances of the crime. *Id.* The court also noted that Crim.R. 11 did not abrogate the substantive right contained in R.C. 2937.07. *Id.* at syllabus.

**{¶7}** The explanation required by R.C. 2937.07 must be sufficient to conclude that each element of the criminal offense is established. *City of Youngstown v. Rawson*, 7th Dist. Nos. 91 C.A. 15, 91 C.A. 16, 1992 WL 64194, *3 (Mar. 24, 1992). The burden of providing this explanation of circumstances rests with the affiant or complainant, or his representative. *State v. Herman*, 31 Ohio App.2d 134, 140, 286 N.E.2d 296 (6th Dist.1971).

**{¶8}** We have held that *Bowers* applies to a no contest plea in a misdemeanor case. There must appear in the record a recitation of the circumstances of the offense to establish the elements of the offense. *State v. Russell*, 7th Dist. No. 09 MA 156, 2011-Ohio-1181, ¶ 12-14. There is no absolute requirement that the trial court judge read the explanation of circumstances into the record, but some participant in the hearing, whether the court or the prosecutor, must provide this recitation for the record. *State v. Murphy,* 116 Ohio App.3d 41, 45, 686 N.E.2d 553 (9th Dist.1996).

**{¶9}** While a criminal defendant may waive the right to an explanation of circumstances when pleading guilty, there is no such waiver on the record in this appeal. *North Ridgeville v. Roth*, 9th Dist. No. 03CA008396, 2004-Ohio-4447, ¶ 12.

**{¶10}** For purposes of an analysis of this issue, we must review the record to establish that it contains an explanation of the circumstances of each offense. As stated in R.C. 2937.07, the requirement of an explanation of circumstances does not apply to minor misdemeanors. Since the charge regarding the traffic control device was cited as a violation of Youngstown Municipal Code 313.01, a minor misdemeanor, there can be no error with respect to this charge. Whether Appellant received the correct explanation with respect to the other two 2011 charges, driving under suspension and possession of marijuana, cannot be determined from the record. Appellant entered his no contest plea on November 21, 2011, but the change of plea hearing transcript regarding these charges was not made part of this record. It is incumbent on the Appellant to insure that the proper record is made available in order to establish his arguments on appeal. "It is appellant's responsibility to provide the court with a record of the facts, testimony, and evidence in support of [his] assignments of error." *State v. Bugaj*, 7th Dist. No. 06-BE-23, 2007-Ohio-964, ¶ 11, citing *State v. Funkhouser*, 7th Dist. No. 02-BA-4, 2003-Ohio-697, ¶ 13. Absent a complete transcript of proceedings, we must presume the regularity of the proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Therefore, we presume that the appropriate explanation of circumstances was provided at the change of plea hearing on these charges.

**{¶11}** Reviewing the transcript regarding the change of plea hearing for the 2014 charges, there is an explanation of circumstances relating to theft. The transcript indicates that Appellant concealed a camera and batteries under his coat and then changed his mind and put them back. The incident was recorded by the store's video camera, including the concealment under his coat. (12/30/14 Tr., p. 6.) Appellant's counsel acknowledged that Appellant concealed the items and that the act of concealing the merchandise constituted the crime. (12/30/14 Tr., p. 6.) As evidence of the circumstances surrounding the theft charge is part of the record at hearing, R.C. 2937.07 is satisfied for that charge.

**{¶12}** The record contains no such explanation of circumstances regarding the possession of drugs charge. The only information relayed at the hearing was that the drug involved was Xanax. There is no explanation as to how, when, or where the drugs were found, or why the possession of Xanax was illegal in this particular case. Therefore, pursuant to R.C. 2937.07, the 2014 drug possession conviction is unsupported.

**{¶13}** A violation of R.C. 2937.07 results in insufficient evidence of conviction, and since a double jeopardy violation would arise should retrial of the charges be permitted, the charges must be dismissed: "[W]e have recognized that a defendant who pleads no contest has a substantive right to be acquitted where the state's statement of facts fails to establish all of the elements of the offense." *State v. Lloyd*, 6th Dist. No. L-15-1035, 2016-Ohio-331, ¶ 19; *see also*, *State v. Stewart*, 2d Dist. No. 19971, 2004-Ohio-3103; *State v. Horvath*, 2015-Ohio-4729, —N.E.3d——, ¶ 18 (3d

Dist.); *State v. Smyers*, 5th Dist. No. CT 2004-0039, 2005-Ohio-2912, ¶ 17-19; *State v. Fordenwalt*, 9th Dist. No. 09CA0021, 2010-Ohio-2810, ¶ 11.

**{¶14}** Therefore, Appellant's assignment of error regarding the misdemeanor possession of drugs charge has merit, and that conviction and sentence is hereby vacated and dismissed. Appellant's argument regarding the remaining charges has no merit and is overruled.

Conclusion

**{¶15}** In this appeal Appellant has alleged that the trial court violated R.C. 2937.07, which requires that, in misdemeanor cases, an explanation of the circumstances of a crime must appear in the record before the court may accept a no contest plea. In this appeal there are five charges under review. The convictions on three of the charges must be presumed correct due to the lack of a hearing transcript. For one of the remaining charges, a misdemeanor theft charge, sufficient explanation appears in the record to satisfy the statute. In the final misdemeanor charge in Case No. 14CRB2629, for possession of drugs, which alleges a violation of R.C. 2925.11(A), (C)(2)(a) occurred, no explanation of circumstances is found in the record. The conviction and sentence for the misdemeanor possession of drugs charge is therefore vacated and dismissed. The convictions and sentences for the remaining charges are affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.