[Cite as *State v. Pirozak*, 2018-Ohio-339.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 17 HA 0004 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| VENDELA PIROZAK | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the County Court
of Harrison County, Ohio
Case No. CRB 16-349

JUDGMENT:      Reversed.
Conviction Vacated.

APPEARANCES:

For Plaintiff-Appellee:      Atty. T. Owen Beetham
Harrison County Prosecutor
Atty. Jack L. Felgenhauer
Assistant Prosecuting Attorney
111 W. Warren Street
P.O. Box 248
Cadiz, Ohio  43907

For Defendant-Appellant:      Atty. Robert Aaron Miller
329 North Fourth Street
Steubenville, Ohio  43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  January 25, 2018

WAITE, J.

{¶1} Appellant Vendela Pirozak appeals her conviction in Harrison County Court following her no contest plea to one count of possession of drug paraphernalia, a fourth degree misdemeanor. Appellant argues on appeal that her plea was not made knowingly, intelligently and voluntarily. She requests that her plea be vacated and the matter remanded. A review of the record before this Court reveals Appellant's plea was not made knowingly, intelligently and voluntarily. This record also shows the trial court did not properly comply with the mandates of Crim.R. 11 in accepting Appellant's no contest plea in this misdemeanor action. Appellant's assignments of error have merit and the judgment of the trial court is reversed. Appellant's conviction is vacated.

Factual and Procedural History

{¶2} Appellant was cited for possession of drug paraphernalia in violation of R.C. 2925.14 on November 30, 2016. On December 5, 2016 Appellant entered a plea of not guilty to the charge. A pre-trial hearing was held on December 22, 2016. The matter was continued after Appellant indicated she wished to obtain her own counsel rather than have the court appoint counsel for her. A second pre-trial conference was held on March 30, 2017. Appellant appeared without counsel and told the court that she did not obtain counsel and did not want court appointed counsel. Pre-trial negotiations occurred on the record between the court, the state and Appellant. The state recommended a sentence of thirty days in jail with 30 days suspended, a fine of $250 and six months of supervised probation. Appellant stated that she agreed with the sentence. The court presented a written judgment entry to

Appellant, who signed a waiver of counsel and entered a written plea of no contest. The court found Appellant guilty of possession of drug paraphernalia and sentenced her to the agreed-upon thirty (30) days in jail with thirty days suspended, a $250 fine and six months of supervised probation. The judgment entry was filed on March 30, 2017.

**{¶3}** Appellant filed a *pro se* notice of appeal and request for stay of her jail sentence on March 31, 2017, alleging she was "completely misinformed by the lower court" and that she was told that because her crime involved a minor misdemeanor she was not subject to jail time. (Emphasis deleted.) (3/31/17 Appellant's Notice of Appeal of Criminal Conviction and Request for Stay of Jail Sentence and Probation, pp. 1-2.) As the trial court had already suspended her sentence and set bail for Appellant in a judgment entry dated April 18, 2017, this Court overruled her stay request.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY ACCEPTING A PLEA THAT WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY FAILING TO NOTIFY APPELLANT OF HER RIGHTS PURSUANT TO CRIMINAL RULE 11, OHIO RULES OF CRIMINAL PROCEDURE.

**{¶4}** This appeal arises from a no contest plea to a misdemeanor charge before the Harrison County Court. Appellant contends that her plea was not valid

because it was not knowingly, intelligently and voluntarily entered and that the trial court erred by failing to comply with Crim.R. 11.

{¶5} Initially it must be noted that although Appellant presents two assignments of error, she argues these together. Pursuant to App.R. 16(A)(7), Appellant must separately argue each assignment in order for separate assignments to be considered. Consolidation of arguments for separate assignments of error is not permitted. However, in the interest of justice, we will overlook Appellant's error.

{¶6} Appellant was charged with violating R.C. 2925.14, a fourth degree misdemeanor, which carries a penalty of not more than a thirty day jail sentence. Under Crim.R. 2(C), a "serious offense" includes any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Since the offense to which Appellant was charged does not fall within this classification, her offense is classified as a petty offense pursuant to Crim.R. 2(D). All misdemeanors classified as petty offenses are governed by Crim.R. 11(E) which states:

> In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

{¶7} While Crim.R. 11(E) requires the trial court to explain the effect of the plea prior to accepting that plea, rigid adherence is not necessary. *Garfield Heights v. Mancini*, 121 Ohio App.3d 155, 157, 669 N.E.2d 132 (1997). Substantial compliance is sufficient as long as, under the totality of the circumstances, a

defendant subjectively understands the implications of the plea and the rights being waived. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). The trial court must engage in a meaningful dialogue with the defendant to ensure that the defendant subjectively understands the plea and the implications of waiving these rights, particularly when the court is dealing with a misdemeanor offense where imprisonment is an option. *State v. Richard,* 113 Ohio App.3d 141, 144, 680 N.E.2d 667 (1996). Although the phrase "the effect of the plea" is not defined under the rules, this Court has held that the trial court must:

> plainly advise a defendant that by entering his plea he is essentially extinguishing his right to a trial by jury or to the court, the burden upon the prosecution to prove his guilt beyond a reasonable doubt, his right to cross-examine the witnesses called against him, his right to testify, his right to compulsory process, and his privilege against self-incrimination.

*State v. Malek,* 7th Dist. No. 02 CA 97, 2002-Ohio-6431, ¶ 9.

**{¶8}** The trial court must also advise the defendant that once a no contest plea is entered, the trial court will make a finding of guilt or innocence based on an explanation of the circumstances as they are presented in the complaint, by the prosecution, or by the complainant. *Id.* at ¶ 10. We have held that failure of the trial court to inform the defendant of the effects of the plea and to comply with the mandates of the rule constitutes prejudicial error. *Id.* at ¶ 11.

{¶9} The burden of demonstrating compliance with the criminal rules is on the trial judge, who must conduct a meaningful dialogue with the defendant before a no contest plea is accepted. *State v. Luhrs,* 69 Ohio App.3d 731, 735, 591 N.E.2d 1251 (1990). A defendant's written waiver does not preclude the trial court's responsibility to explain to the defendant the fundamental rights involved and the effect of waiving those rights. *Id.*

{¶10} In the instant matter, the trial court does not discuss Appellant's fundamental rights or constitutional guarantees on the record. Moreover, no mention of a finding of guilt is ever made. The record is similarly devoid of any comments by Appellant regarding the constitutional rights she is waiving or any indication that the trial court engaged her at all in a meaningful dialogue. Hence, a review of the record here reveals that the trial court did not comply with the Crim.R. 11 mandates prior to accepting Appellant's plea.

{¶11} More importantly, this record shows that Appellant pleaded no contest to the charge. R.C. 2937.07 also requires the trial court to obtain an explanation of the circumstances surrounding the crime before making a finding of guilt when there is a no contest plea. R.C. 2937.07 provides, in part:

> A plea to a misdemeanor offense of "no contest" * * * shall constitute an admission of the truth of the facts alleged in the complaint and * * * the judge * * * may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.

{¶12} The trial court's duties found in R.C. 2937.07 are considered to create a substantive right, and the requirement of scrupulous adherence to these duties is not superseded by Crim.R. 11. *City of Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984), syllabus.

{¶13} "Appellate review of a trial court's finding of guilt on a no contest plea to a misdemeanor is de novo." *State v. Erskine,* 2015-Ohio-710, 29 N.E.3d 272, ¶ 10. In reviewing the record before this Court, "[t]he question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court made the necessary explanation." *Bowers* at 151.

{¶14} A plea of no contest cannot form the basis for a finding of guilt absent an explanation of circumstances. *Bowers* at 150. The explanation of circumstances is required in order to support a no contest plea. It serves to ensure that the trial court's finding of guilt is not made in a perfunctory manner, and must be done before the defendant is found guilty or not guilty. *Id.*

{¶15} In the instant case an arraignment was held on December 5, 2016 at which time the record shows Appellant pleaded not guilty, although she later entered a written no contest plea. Appellee contends that at her arraignment the trial court advised Appellant "of the rights of which she complains she was not advised." (8/17/17 Appellee's Brf., p. 2.) A transcript of that proceeding was not made a part of this record. It is incumbent on the Appellant to insure an adequate record is made available to establish her arguments on appeal. *State v. Bugaj*, 7th Dist. No. 06-BE-

23, 2007-Ohio-964, ¶ 11, citing *State v. Funkhouser,* 7th Dist. No. 02-BA-4, 2003-Ohio-697, ¶ 13. Absent a transcript of those proceedings, this Court must presume the regularity of the proceedings. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

**{¶16}** Notwithstanding the lack of an arraignment hearing transcript, two pre-trial conferences were held on December 22, 2016 and March 30, 2017. Transcripts from both of these proceedings are a part of the record for our review. The first pre-trial hearing consisted of a discussion about whether Appellant would be represented by appointed counsel. Appellant informed the court that she had obtained counsel, who could not be present that day. The trial court continued the pre-trial to allow Appellant's counsel to be present.

**{¶17}** On March 20, 2017 the second pre-trial hearing was held. Appellant informed the court that she did not have counsel present and that she did not wish to be represented by counsel, either her own or court appointed. After the court reaffirmed that Appellant did not wish to be represented by counsel in any form, the following exchange took place:

THE COURT: You are charged with possession of drug paraphernalia.

[APPELLANT]: Okay

THE COURT: So [prosecutor], anything from the State with respect to [Appellant's] case?

[THE PROSECUTOR]: Try to get up to date on your case here. I remember now. This was like a crack pipe. That's why you weren't given an opportunity for diversion.

Do you know, Judge, if there's a mandatory license suspension on the drug paraphernalia still or did it fall away with - -

(3/30/17 Tr., p. 3.)

{¶18} A discussion was then held on the record about whether Appellant would be subject to a driver's license suspension and whether Appellant would have trouble passing a drug and alcohol test. Appellant indicated that she wanted to serve jail time to "get it over with" rather than lose her driver's license. (3/30/17 Tr., p. 5.) At the end of these discussions, the state proceeded to make a sentencing recommendation of thirty days in jail, suspended, a fine of $250 and six months of supervised probation. The following exchange then occurred:

THE COURT: Okay. Come on up here and I'll go over this with you.

[APPELLANT]: Okay

THE COURT: By signing right there you're indicating you understand you could've been represented by an attorney in these proceedings but chose not to be.

[APPELLANT]: Okay

THE COURT: So if you'll sign right there please.

[APPELLANT]:  And then are you going to tell me how often I have to come?

THE COURT:  Yeah, we are.  And if you'll sign right there.  That's your plea.

[APPELLANT]:  Okay

THE COURT:  And when you get this back, on the back, I'll show you where, this space is going to be filled in right here and it's going to tell you when your first meeting with the probation officer is.

"* * *

THE COURT:  Okay. Any questions?

[APPELLANT]:  No.

(3/30/17 Tr., pp. 8-9.)

{¶19}  It is at this hearing that Appellant is apparently entering her plea, not at her arraignment.  It is apparent that the trial court accepts her plea, and yet has not conducted any of the necessary Rule 11 dialogue.  The transcript of these proceedings also shows that no inquiry into the circumstances of the offense was made and no explanation was provided.  Similarly, other than the initial citation, there is no other evidence in the record regarding the circumstances surrounding this crime.  There is no requirement that the trial court judge read the explanation of circumstances into the record, but some participant at the hearing must provide a

recitation for the record. *State v. James,* 7th Dist. No. 15 MA 0003, 2016-Ohio-4662, ¶ 8. Moreover, even if there were documents in the record to indicate guilt, those documents, while perhaps sufficient to support the charge, are not sufficient to meet the requirements for actually establishing a defendant's guilt or innocence. *Bowers* at 151.

**{¶20}** The record contains no explanation of circumstances regarding Appellant's possession of drug paraphernalia charge. The only information conveyed at the hearing was that the charge apparently involved a crack pipe. There was no explanation on the record of the circumstances as to how, when, or where the pipe was found. Without such explanation, Appellant's conviction is not supported by the evidence presented.

**{¶21}** As to the remedy for the trial court's failure to meet the requirement for an explanation of circumstances, "a defendant who pleads no contest has a substantive right to be acquitted where the state's statement of facts fails to establish all of the elements of the offense." *James, supra,* at ¶ 13, quoting *State v. Lloyd,* 6th Dist. No. L-15-1035, 2016-Ohio-331, ¶ 19.

**{¶22}** As noted by a number of other Ohio appellate districts, when the trial court fails to comply with R.C. 2937.07, "jeopardy attaches, thereby preventing the state from getting a second chance to meet its burden." *Berea v. Moorer*, 2016-Ohio-3452, 55 N.E.3d 1186 at ¶ 22. See *State v. Horvath,* 2015-Ohio-4729, 49 N.E.3d 847, ¶ 18; *State v. Cochrane,* 2017-Ohio-6948, ¶ 18; *Lloyd, supra,* at ¶ 28; *State v. Fordenwalt,* 9th Dist. No. 09CA0021, 2010-Ohio-2810, ¶ 11.

**{¶23}** Therefore, based on the Ohio Supreme Court's holding in *Bowers* and the decisions of our sister appellate districts, the failure to satisfy the requirement to explain the circumstances surrounding the crime means that any resulting conviction is supported by insufficient evidence. Therefore, the trial court's acceptance of Appellant's plea was not valid and, as jeopardy has attached, Appellant's conviction must be vacated.

**{¶24}** Based on the foregoing, the trial court failed to comply with the mandates of Crim.R. 11 prior to accepting Appellant's plea of no contest and also failed to properly make or elicit an explanation of the circumstances surrounding the alleged offense prior to accepting Appellant's no contest plea. Appellant's first and second assignments of error are sustained. The judgment of the trial court is reversed and Appellant's conviction is vacated.

Donofrio, J., concurs.

DeGenaro, J., concurs.