[Cite as *State v. Cross*, 2022-Ohio-2094.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                              :

    Appellee,                           :          CASE NO. CA2021-11-135

                                        :          O P I N I O N
- vs -                                                  6/21/2022
                                        :

TYREE JEFFERY CROSS,                       :

    Appellant.                          :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2020-06-0777


Michele K. Temmel, for appellee.

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellant.



**S. POWELL, P.J.**

{¶ 1} Appellant, Tyree Jeffery Cross, appeals from his conviction in the Butler County Court of Common Pleas after he pled guilty to one count of murder. For the reasons outlined below, we affirm Cross' murder conviction.

{¶ 2} On September 2, 2021, the trial court accepted Cross' guilty plea to one count

of murder in violation of R.C. 2903.02(B), an unclassified felony. The charge arose after Cross was involved in a robbery with two codefendants on the morning of June 9, 2020 that resulted in the death of the victim, K.R.-S.M. The trial court held a sentencing hearing on October 12, 2021 and sentenced Cross to a term of life in prison with the possibility of parole after 15 years. Cross now appeals from his murder conviction, raising the following single assignment of error for review.

{¶ 3} MR. CROSS' PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.

{¶ 4} In his single assignment of error, Cross argues his guilty plea to murder was not knowingly, intelligently, and voluntarily entered. We disagree.

{¶ 5} When a defendant enters a guilty plea to a felony, the plea must be knowingly, intelligently, and voluntarily entered. *State v. Gabbard*, 12th Dist. Butler No. CA2020-12-125, 2021-Ohio-3646, ¶ 12. "'Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Tipton*, 12th Dist. Madison No. CA2020-05-011, 2021-Ohio-1128, ¶ 10, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11. "The rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *State v. Murphy*, 12th Dist. Butler No. CA2021-05-048, 2021-Ohio-4541, ¶ 8, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). This requires the trial court to notify the defendant of the constitutional rights set forth in Crim.R. 11(C)(2)(c) and to make the required determinations and give the necessary warnings set forth in Crim.R. 11(C)(2)(a) and (b). *State v. Oliver*, 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, ¶ 41.

{¶ 6} To support his single assignment of error, Cross initially argues his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court did not make an explicit determination, on the record, that his plea was voluntarily made. Cross also argues his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court did not specifically state, on the record, its finding that Cross understood the effect of his guilty plea. In support of these claims, Cross cites to Crim.R. 11(C)(2)(a), which states, in pertinent part, the following:

> (2) In felony cases the [trial] court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and * * *
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 7} Despite Cross' claims, however, there is nothing within the language of Crim.R. 11(C)(2)(a) that requires the trial court to make an explicit determination, on the record, that a defendant's guilty plea was voluntarily made. The same is true as it relates to the question of whether a defendant understood the effect or his or her plea. It is in fact well established that a trial court is not required to use any specific, talismanic words prior to accepting a defendant's guilty plea to comply with the requirements set forth under Crim.R. 11(C)(2)(a). *See, e.g., State v. Robinson*, 3d Dist. Logan No. 8-20-16, 2021-Ohio-97, ¶ 16 ("a trial court is not required to use specific talismanic words" prior to accepting a defendant's guilty plea in order to comply with the requirements set forth under Crim.R. 11[C][2][a]). Because of this, we decline Cross' invitation to impose a "magic words" requirement that lacks any basis in Crim.R 11(C)(2)(a), ignores the context of a full plea colloquy, and focuses exclusively on the trial court's use of an unnecessary qualifier. The

fact that the trial court accepted Cross' guilty plea is a clear indication that the trial court found Cross' plea to be knowingly, intelligently, and voluntarily entered without the need to make those express findings on the record. Therefore, because the record indicates the trial court complied with Crim.R. 11(C)(2)(a) prior to accepting Cross' guilty plea, Cross' first two arguments lack merit.

{¶ 8} Cross further argues his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to notify him prior to entering a plea that he would be classified as a violent offender and be included on the violent offender database.[1] However, as this court has stated previously, "classification as a violent offender and enrollment into the violent offender database 'is a collateral consequence of the offender's criminal acts rather than a form of punishment per se.'" *State v. Hubbard*, 12th Dist. Butler No. CA2019-05-086, 2020-Ohio-856, ¶ 32, quoting *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 34. Therefore, it is now well established that "'because registration requirements are collateral consequences rather than punishment, Crim.R. 11 does not require a trial court to inform a defendant of the registration and notification requirements before accepting a defendant's guilty plea.'" *State v. Baker*, 12th Dist. Madison No. CA2021-03-006, 2021-Ohio-4544, ¶ 13, quoting *State v. Beard*, 8th Dist. Cuyahoga No. 109630, 2021-Ohio-2512, ¶ 53. Accordingly, for these reasons, Cross' third argument also lacks merit.

{¶ 9} In light of the foregoing, and finding no merit to any of the three arguments Cross raised herein in support of his single assignment of error, Cross' single assignment

---

1. R.C. 2903.41 through 2903.44, commonly known as "Sierah's Law," became effective on March 20, 2019. Sierah's Law created a statewide violent offender database that sets forth a rebuttable presumption that violent offenders, as defined in R.C. 2903.41(A), register in person annually for ten years. Sierah's Law also subjects violent offenders to criminal prosecution for failing to comply with Sierah's Law. Pursuant to R.C. 2903.41(A)(1)(a), Cross is a violent offender subject to Sierah's Law because of his guilty plea to one count of the unclassified felony of murder in violation of R.C. 2903.02(B).

of error lacks merit and is overruled.

**{¶ 10}** Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.