[Cite as *State v. McBride*, 2025-Ohio-1439.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAWRENCE MCBRIDE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 CO 0033

---

Criminal Appeal from the
Columbiana County Municipal Court of Columbiana County, Ohio
Case No. 2023 TRC 002734

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor, *Atty. Shelley M. Pratt* and *Atty. Danielle Menning,* Assistant Prosecutors, for Plaintiff-Appellee

*Atty. Rhys B. Cartwright-Jones*, for Defendant-Appellant

Dated:  April 17, 2025

**WAITE, J.**

{¶1} Appellant Lawrence McBride pleaded no contest to one count of operating a vehicle while impaired (OVI), his second such offense, and one count of failure to control, both misdemeanors. Appellant contends the trial court may only accept a no contest plea in a misdemeanor case, and can only find guilt, once an explanation of circumstances is made part of the record as required by R.C. 2937.07. Appellant argues that as there is no explanation of the circumstances of his crimes in this record, the trial court failed to comply with R.C. 2937.07 and his conviction must be reversed. The record shows that Appellant waived any explanation of circumstances, and his written waiver is part of the record. Appellant's first assignment of error is overruled. Appellant also contends that the trial court did not advise him of the effect of a no contest plea as required by Crim.R. 11(E), but that advisement is also part of the written waiver of rights, and Appellant's second assignment of error is also overruled. The judgment of the trial court is affirmed.

<u>Facts and Procedural History</u>

{¶2} On May 19, 2023, Appellant received a citation charging him with one count of OVI pursuant to R.C. 4511.19(A)(1)(a) (second offense), a first degree misdemeanor, one count of OVI under R.C. 4511.19(A)(2) (second offense), a first degree misdemeanor, and one count of failure to control in violation of R.C. 4511.202(A), a minor misdemeanor. On September 3, 2024, he entered a no contest plea to one count of OVI pursuant to R.C. 4511.19(A)(1)(a) (second offense), and one count of R.C. 4511.202(A) failure to control. On that same date, a written Waiver of Rights upon Plea was filed. In that document, Appellant waived any explanation of the circumstances of the charged crimes and

<u>Case No. 24 CO 0033</u>

stipulated to a finding of guilt by the trial judge. The Waiver of Rights also states: "I also acknowledge that a plea of No Contest is not an admission of guilt but is an admission of the truth of facts alleged in the complaint of citation, and that such a plea or admission may not be used against me in any subsequent civil or criminal proceeding." The document was signed by Appellant.

**{¶3}** A change of plea hearing took place on September 3, 2024. The trial court accepted Appellant's no contest plea, found him guilty, and sentenced him to 180 days in jail, with 140 days suspended. Appellant also received a fine of $1,200; and two years of probation. The final judgment was filed on September 3, 2024. This timely appeal followed on September 19, 2024. We granted a motion to stay the jail portion of Appellant's sentence on October 1, 2024.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT LAWRENCE MCBRIDE GUILTY BASED ON INSUFFICIENT EVIDENCE IN THE RECORD, IN VIOLATION OF OHIO LAW AND R.C. 2937.07, AS WELL AS SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶4}** Appellant contends the trial court was not permitted to accept his no contest plea to OVI and failure to control without reviewing and relying on an explanation of the circumstances of the crimes as required by R.C. 2937.07, which states in part: "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate

may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." Appellee agrees that the trial judge did not recite any explanation of circumstances into the record, but argues that it was enough that there was a police report containing the facts of the crimes and that the trial court referred to the police report at the change of plea hearing.

{¶5} A plea of no contest is not an admission of the defendant's guilt, but it is an admission to the truth of the facts alleged in the complaint. R.C. 2937.07; Traf.R. 10(B)(2). To convict a defendant who has entered a no contest plea, at the change of plea hearing the defendant must either be provided an explanation of circumstances as part of the record, or it must be established that the defendant has waived a reading of the explanation of circumstances. *State v. Watkins*, 2003-Ohio-2419, ¶ 4; *State v. James*, 2016-Ohio-4662, ¶ 8 (7th Dist.). The burden is on the state to ensure that the explanation of circumstances, or waiver of the explanation, is part of the record. *Id.*

{¶6} A trial court's finding of guilt in a no contest plea to a misdemeanor is reviewed de novo. *State v. Erskine*, 2015-Ohio-710, ¶ 10 (4th Dist.). De novo review is conducted without deference to the lower court's decision. *State v. Hudson*, 2013-Ohio-647, ¶ 27 (3d Dist.). .

{¶7} Appellant failed to raise with the trial court any issue regarding inadequacy of the explanation of circumstances. Therefore, he has forfeited all but plain error. *State v. Williams*, 2024-Ohio-5076, ¶ 26 (1st Dist.). To establish plain error, a defendant must show that the error affected the outcome of the proceedings and that reversal is necessary to correct a manifest miscarriage of justice. *State v. Rogers*, 2015-Ohio-2459, ¶ 3.

**{¶8}**   At oral argument, both parties discussed the Waiver of Rights signed by Appellant on September 3, 2024.   The waiver was read aloud at the hearing, including the section detailing Appellant's waiver of the explanation of circumstances.   Both parties also acknowledged that the trial judge had before him the police report setting forth the details of the crimes.   Appellant quotes from it liberally in his brief on appeal.   At the change of plea hearing Appellant's attorney also stated that he explained to Appellant all the rights that were being waived in entering his no contest plea. (9/3/24 Tr., p. 3.)   Hence, this record refutes Appellant's argument that there was reversible error regarding R.C. 2937.07 and its mandates.

**{¶9}**   Nevertheless, Appellant argues that there was not enough evidence in the record to convict him.   Appellant contends that the police report contains insufficient facts regarding the type of impairment he displayed to form the basis for an OVI charge, as it contained no conclusions regarding any chemical test that might show intoxication.   He also argues that the police report relied on hearsay evidence.   Based on these alleged evidentiary problems, Appellant contends that he could not be convicted of the two crimes.   However, this second argument is simply a restatement of his first argument due to the effect of his waiver on the record.

**{¶10}**   Appellant cannot succeed on his second argument because he waived it when he signed the Waiver of Rights.   Not only does the Waiver of Rights contain a waiver of the explanation of circumstances, it also contains a waiver of the right to have the case be proven against him beyond a reasonable doubt either before a jury or a judge.   In addition, the trial judge verbally explained that he was waiving this right. (9/3/24 Tr., p.

Case No. 24 CO 0033

4). Appellant has waived any evidentiary or standard of proof attacks when he waived the requirement for an explanation of circumstances and for the state to prove its case.

{¶11} Because there was a written waiver of rights in the record, as well as an acknowledgement by Appellant that the court had access to an explanation of the circumstances of the crimes and the pertinent acts, Appellant's arguments alleging inadequacy of the explanation of circumstances are without merit and his first assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH CRIM.R. 11(E) BY NOT ADEQUATELY ADVISING DEFENDANT-APPELLANT LAWRENCE MCBRIDE OF THE EFFECT OF HIS NO-CONTEST PLEA AND HIS CONSTITUTIONAL CONFRONTATION RIGHTS, THEREBY RENDERING THE PLEA UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY.

{¶12} Appellant contends that the trial court failed to comply with Crim.R. 11(E), which states: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." *See also* Traf.R. 10(D). Appellant argues that an acceptable explanation of the effect of a no contest plea can be in found in Crim.R. 11(B)(2), which states: "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged

in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶13} "Although the phrase 'the effect of the plea' is not defined in the rules, it has been interpreted to mean that the trial court must inform the defendant of the effect of the specific type of plea, pursuant to Crim.R. 11(B)." *State v. Alberini*, 2024-Ohio-4817, ¶ 4 (7th Dist.), citing *State v. Jones*, 2007-Ohio-6093, ¶ 25. This means that the court, in a misdemeanor case, must explain the content of Crim.R. 11(B)(2). *Id.* The court is not required to use specific terminology or "magic words" when explaining the Crim.R. 11 rights. *State v. Cross*, 2022-Ohio-2094, ¶ 7 (12th Dist.). "The test used to determine whether an advisement on the effect of the plea being entered was adequate is a substantial compliance standard." *State v. Lazazzera*, 2013-Ohio-2547 (7th Dist.), citing *State v. Griggs*, 2004-Ohio-4415. The explanation of Crim.R. 11(B)(2) may be done orally or in writing. *Jones* at ¶ 51; *City of Lakewood v. Hoctor*, 2023-Ohio-375, ¶ 6 (8th Dist.).

{¶14} In the instant case, the court informed Appellant of the content of Crim.R. 11(B)(2) by having Appellant sign a Waiver of Rights Upon Plea form. The signed form is dated September 3, 2024. It clearly states: "I also acknowledge that a plea of No Contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint or citation, and that such plea or admission may not be used against me in any subsequent civil or criminal proceeding." This is nearly a verbatim recitation of Crim.R. 11(B)(2). The court noted receipt of this document in open court and indicated that it was signed by both Appellant and his attorney. (9/3/24 Tr., p. 4). The explanation of the effect of the no contest plea was entered into the record in written rather than verbal

form, which is perfectly valid. *Jones* at ¶ 51. Therefore, Appellant's second assignment of error is without merit.

### Conclusion

**{¶15}** Appellant raises two issues on appeal. First, Appellant argues that the trial judge failed to provide an explanation of circumstances to support his no contest plea and conviction as required by R.C. 2937.07. Appellant waived the reading of the explanation of circumstances when he signed the Waiver of Rights form that is part of the record. Further, the parties agree that the trial judge, at the change of plea hearing, had access to the police report describing the crimes. As such, Appellant's first assignment of error is without merit. Second, Appellant claims the record does not adequately contain an explanation of the effect of a no contest plea as required by Crim.R. 11(E). Once again, the written Waiver of Rights contains an almost verbatim recitation of the effect of a no contest plea as set out in Crim.R. 11(B)(2). Appellant's second assignment of error is also without merit. The judgment of the trial court is affirmed and the stay of execution of Appellant's sentence is terminated.

Robb, P.J. concurs.

Hanni, J. concurs.

Case No. 24 CO 0033

---

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Columbiana County Municipal Court of Columbiana County, Ohio, is affirmed. Appellant's stay of execution of his sentence pending appeal previously granted by this Court is hereby terminated. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**