[Cite as *State v. McBride*, 2025-Ohio-1911.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAWRENCE MCBRIDE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0033**

---

Motion to Certify Conflict, for Reconsideration, and for En Banc Review

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor, and *Atty. Danielle Menning,* Assistant Prosecutors, for Plaintiff-Appellee. No Response Filed.

*Atty. Rhys B. Cartwright-Jones*, for Defendant-Appellant

Dated: May 23, 2025

**PER CURIAM.**

**{¶1}** On April 24, 2025, Appellant Lawrence McBride filed a combined motion for reconsideration, to certify a conflict, and to request en banc review. This motion was filed based on our recent Opinion issued on April 18, 2025 affirming his conviction for OVI and failure to control. All three requests in the combined motion have been timely filed.

**{¶2}** Regarding the motion to certify a conflict, Appellant argues that our Opinion conflicts with a case from the First District Court of Appeals, *State v. Scudder*, 2025-Ohio-1267 (1st Dist.). Pursuant to App.R. 25, certification of a conflict is appropriate only when a judgment of this Court is in conflict with a judgment pronounced on the same question by another court of appeals. *See* Ohio Const., art. IV, § 3. Three conditions must be met to certify a conflict:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law—not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596 (1993).

**{¶3}** *Scudder* was recently released on April 11, 2025 and was not included in our review of the instant appeal. Similar to this case, *Scudder* involved a conviction for misdemeanor OVI and an allegation by the defendant that the explanation of circumstances required by R.C. 2937.07 did not include enough information to find him

guilty. R.C. 2937.07 states that, in a misdemeanor case in which a no contest plea has been entered, a judge may make a finding of guilty or not guilty from an explanation of circumstances of the offense. In *Scudder*, the appellate court determined the explanation of circumstances was insufficient because it did not include the specific level of methamphetamine in the defendant's blood. The state argued that, while Mr. Scudder had not directly waived the requirement, he had impliedly waived the inclusion of an explanation of circumstances. The First District disagreed, holding that:

> To be sure, other appellate districts have held that the explanation-of-circumstances requirement under R.C. 2937.07 is waivable. *See, e.g., State v. Korossy*, 2017-Ohio-7275 (6th Dist.); *State v. Haskamp*, 2020-Ohio-419 (12th Dist.). But a defendant's waiver of a factual recitation under R.C. 2937.07 must be explicit and clear.

*Id.* at ¶ 18.

{¶4} We discussed R.C. 2937.07 in our Opinion, and determined that Appellant signed a written waiver that specifically included a waiver of the necessity to include an explanation of circumstances in the record. Our Opinion comports with the opinion of the *Scudder* court, in that we recognized the right to an explanation of circumstances may be expressly waived. *State v. McBride*, 2025-Ohio-1439, ¶ 5 (7th Dist.). Our case differs only factually from *Scudder*, because *Scudder* dealt with a situation where the state urged that the defendant's waiver was implied, but in this matter Appellant signed a specific written waiver. We cannot certify a conflict based on a mere factual difference in the two cases. Additionally, since the specific point of law under review in the two cases is

different (implied versus express waiver) there is no conflict in the decision of the two cases.

{¶5} The motion to certify a conflict is overruled.

{¶6} App.R. 26(A)(2) provides for en banc consideration when "two or more decisions of the court on which they sit are in conflict . . ." "[I]f the judges of a court of appeals determine that two or more decisions of the court on which they sit are in conflict, they must convene en banc to resolve the conflict." *McFadden v. Cleveland State Univ.*, 2008-Ohio-4914, paragraph two of the syllabus. However, Appellant does not argue that our Opinion conflicts with another opinion from our own district. Therefore, en banc review is not appropriate.

{¶7} The motion for en banc review is likewise overruled.

{¶8} Regarding the motion for reconsideration, Appellant does not raise any obvious error in our Opinion that would warrant reconsideration.

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68 (10th Dist. 1987), paragraph one of the syllabus. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996).

Case No. 24 CO 0033

{¶9} Appellant contends that we failed to apply a de novo standard of review in his case. Appellant is incorrect. Appellant's first assignment of error was reviewed de novo. We specifically stated: "A trial court's finding of guilt in a no contest plea to a misdemeanor is reviewed de novo." *McBride* at ¶ 6. Appellant's second assignment of error raised the question of whether his no contest plea was made knowingly, intelligently, and voluntarily pursuant to Crim.R. 11(E). The standard of review in such cases is whether the trial court substantially complied with Crim.R. 11(E), and we cited that standard of review in our Opinion. *Id.* at ¶ 13.

{¶10} Appellant also argues that we failed to consider that his signed written waiver of rights did not contain a stipulation to the sufficiency of the evidence. This argument was simply a restatement of the issue he raised in his first assignment of error, which we had already rejected, and noted that Appellant waived any evidentiary issues on appeal when he waived his right to have the charges against him proven beyond a reasonable doubt. Appellant disagrees with our analysis, but his disagreement does not form a basis for granting reconsideration.

{¶11} The motion for reconsideration is also overruled.

{¶12} As we have overruled each aspect of Appellant's three-part motion, the entire motion is dismissed.


**JUDGE CHERYL L. WAITE**


**JUDGE CAROL ANN ROBB**


**JUDGE MARK A. HANNI**



Case No. 24 CO 0033

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**